## BURLINGTON TRANSPORTATION CO, a Corporation, Appellant, v. W. A. WILSON, Respondent.

No. 3330

February 13, 1941.                    110 P.(2d) 211.

*Harley A. Harmon,* of Reno, *Thomas J. Salter,* of Winnemucca, and *Sanford A. Bunce,* of Lovelock, for Appellant.

*H. J. Murrish,* of Lovelock, for Respondent.

## OPINION

By the Court, DUCKER, C. J.:

■ Two motions are before us, a motion to dismiss the appeal and a motion for leave to file the judgment roll. The motion made by respondent to dismiss the appeal must be denied. It is made upon the sole ground that appellant's bill of exceptions was not filed within the time allowed by statute. Stats. 1937, c. 32, sec. 31. Even though this be true it furnishes no ground to dismiss the appeal, which has been duly perfected and taken on the judgment roll alone.

■ The motion for leave to file the judgment roll should be granted. The appeal was perfected on December 10, 1940, and the judgment roll, which constitutes the proposed record on appeal, was deposited with the clerk of this court on January 7, 1941, and at the same time the notice of the motion for an order allowing the judgment roll to be filed, was filed with the clerk. Rule 11 of the supreme court provides: "The transcript of the record on appeal shall be filed within thirty days after the appeal has been perfected, and the bill of exceptions, if there be one, has been settled."

It will be noticed that irrespective of whether a bill of exceptions was entitled to be filed as a part of the record on appeal, the judgment roll was presented to the clerk within the thirty days prescribed by the above rule. It was then entitled to be filed.

■ Counsel for appellant stated on the hearing, in reply to a question from one of the members of the court, as to why he did not then file the judgment roll, that it was out of an abundance of caution. We thought then, and do now, that such caution should have suggested the filing. However, we think that depositing the judgment roll and at the same time seeking permission to file it ought to be considered equivalent to an actual filing. Particularly in view of our conclusion,

several times expressed, that failure to file a transcript within the time required by the rule is not jurisdictional.

The motion to dismiss the appeal is denied, and the motion for an order allowing the judgment roll to be filed is granted. The clerk will file it as of the date of January 7, 1941.

### ON THE MERITS

July 3, 1941.                                          114 P. (2d) 1094.

*Harley A. Harmon,* of Reno, *Thomas J. Salter,* of Winnemucca, and *Sanford A. Bunce,* of Lovelock, for Appellant.

*H. J. Murrish,* of Lovelock, for Respondent.

## OPINION

By the Court, ORR, J.:

Respondent obtained a judgment in the lower court in an action instituted for the recovery of damages for the alleged negligent operation of a passenger bus by and through a servant of the appellant, the charge being that the servant and employee of appellant negligently and carelessly and at an excessive speed drove a bus belonging to appellant into and against respondent's automobile, with such force and violence that respondent was injured and his car greatly damaged.

This appeal is before us on the judgment roll alone.

Appellant defended in the lower court upon the theory that the proximate cause of the injury was the contributory negligence of respondent in allegedly parking his car on the wrong side of the highway. In its brief appellant asserts that the findings of the court declare that as a matter of law respondent Wilson would not be guilty of contributory negligence by parking his automobile directly in the path of the bus, on the wrong side of the highway. We fail to discover such a finding.

It may be that appellant refers to finding No. 5, where some argument is set forth relative to the evidence given at the trial on behalf of appellant, also on behalf of respondent, as to the position of respondent's automobile at the time of the collision, but the language therein employed falls far short of a definite finding or determination of the question.

██ Many cases are cited by appellant on the question of contributory negligence. That question is not before us. Appellant asserts that the court having failed to find that respondent was parked on his right side of the highway, as alleged in the complaint, it is proper to assume that he was parked on the wrong side, and on such an assumption is presented for our consideration the question of contributory negligence. We think the assumption is quite the contrary. The burden of proving that respondent's car was parked on the wrong side of the road was on appellant, and the existence of this fact was necessary to establish appellant's defense of contributory negligence. The findings being silent as to this fact, the presumption is that it did not exist. 26 R. C. L. p. 1092, notes 6 and 7. In 64 C. J. page 1236, note 34, it is stated: "An omission of the findings to cover a particular fact or issue is to be deemed a finding on the fact or issue against the party having the burden of proof."

█ Hence, there being no finding on the question of respondent being parked on the wrong side of the road, it must be assumed that the issue of contributory negligence was decided against appellant, and the appeal being from the judgment roll alone, the evidence will be held sufficient to support such a conclusion.

The second alleged error complained of by appellant is: that the trial court found, as a matter of law, that appellant was negligent in not operating the bus at a rate of speed so that it could be stopped within the distance the highway was illuminated by its lights. This brings up for consideration what is referred to in some of the texts as the "range of vision rule." For many

years the rule has been adopted in a number of states as a "universal formula" with a hard and fast application. Decisions in other states have relaxed the rule and courts have refused to apply it without qualification because of the circumstances of the particular case. 5 Am. Jur. page 647, sec. 263; Huddy Encyclopedia of Automobile Law, vol. 3-4, pages 302, 303; 1941—9th Cumulative Supplement; 44 A. L. R. p. 1403; 58 A. L. R. p. 1493; 87 A. L. R. p. 900; 97 A. L. R. p. 546; Minnesota Law Review, vol. 22, 1937-38, page 877; California Law Review, vol. 23, 1934-35, page 498.

■ We are not permitted in this case to have recourse to the evidence given in the trial court and in arriving at a determination of the reasons for the trial court's action are limited to an inspection and consideration of the findings. The findings disclose the following facts relative to the collision: That respondent stopped the automobile and parked same on the highway, because of the fog which at this point was so dense as to make it impossible for respondent to proceed further. The lights on the bus were in good condition; the brakes worked perfectly; the bus driver's vision was at least forty feet. At the time the bus driver saw respondent's parked automobile, he had the lights on the bus lowered and could see the road from forty to fifty feet ahead of him; the bus was running from twenty-five to thirty miles per hour; the fog was very dense. That the appellant did negligently drive its bus against respondent's parked automobile with such violence as to cause respondent and the said car great damage; that at the said time the appellant, by the testimony of its bus driver, was driving said bus at such a speed that it could not be stopped within the area disclosed by its lights; that by reason of not being able to stop its bus within the distance that its lights disclosed the highway, it was driving at an unreasonable speed, regardless of the actual speed of the bus, and was guilty of negligence.

■ We cannot conclude from a reading of the findings in their entirety, the pertinent parts of which are quoted supra, that the trial court applied the "range of vision" rule in all its rigidity and as a "universal formula," for had such been its intention, a mere statement to the effect that failure to observe the rule was negligence per se would have sufficed. But, on the contrary, we find the court enumerating situations and conditions existing in this case which rendered the failure to drive at a speed to enable the bus to be stopped within the distance the highway was illuminated by its lights negligence. The record before us sustains the view that the court found no special circumstances justifying the relaxation of the general rule and which would take the case out of its operation, and, as stated supra, the evidence must be considered as sustaining the findings.

Judgment affirmed.