FLORENCE E. KOCH, APPELLANT, v. SPENCER R. KOCH, RESPONDENT.

No. 3412

October 13, 1944.                    152 P. (2d) 430.

*Ayres, Pike & McLaughlin,* of Reno, for Appellant.

*Springmeyer & Thompson,* of Reno, for Respondent.

**OPINION**

By the Court, TABER, J.:

In September 1943 plaintiff, Spencer R. Koch, commenced an action for divorce against defendant, Florence E. Koch, in the second judicial district court, Washoe county. The complaint alleged, among other things, plaintiff's residence in Nevada, and that "During the married life of plaintiff and defendant, the defendant has treated plaintiff with extreme cruelty."

Defendant's answer denied plaintiff's residence and defendant's cruelty. As an affirmative defense Mrs. Koch alleged that in September 1942 she commenced

a suit for separate maintenance against Mr. Koch in the probate court of Norfolk County, Massachusetts; that said case was tried after the husband's appearance and after said court had obtained full and complete jurisdiction of the cause of action and of both parties; that the cause was decided against the husband, and that the decision, findings of fact and judgment and decree of said probate court constitute res judicata and a bar to his said action for divorce.

We quote from the separate maintenance decree: "It appearing to the Court that said Spencer R. Koch has deserted said Florence E. Koch and that said petitioner for justifiable cause is actually living apart from her said husband: It is ordered that the petitioner have the care and custody of Roberta Koch and Matthew Koch minor children of herself and her said husband; that said Spencer R. Koch pay to said petitioner for the support of herself and said minor children the sum of eighty dollars on Saturday, May 1, 1943, and the further sum of eighty dollars on each and every Saturday thereafter until the further order of said Court."

In his reply to defendant's answer in the present case, plaintiff alleged, for certain specified reasons, that the separate maintenance decree was not res judicata and was not a bar to his cause of action.

Said divorce action having come on regularly for trial on December 21 and 22, 1943, both parties being represented by counsel, the district court, on December 28, 1943, granted a decree of divorce to plaintiff upon the ground·of extreme cruelty. The court found as a fact that at the time plaintiff commenced his action, he was a bona fide resident of Nevada and had been such for the statutory period immediately preceding the commencement of the action. The court further found as facts that defendant had treated plaintiff with extreme cruelty prior to April 30, 1943, the date of the separate maintenance decree, and further that after said decree "and during the months of May, June, and July, 1943,

defendant treated plaintiff with extreme cruelty which caused plaintiff to become extremely nervous and run down and sleepless and permanently affected his health and endangered his life."

In its conclusions of law the trial court found that the Massachusetts separate maintenance decree "was and is subject to modification and to being set aside, it was and is in force only until the further order of the court, and it was and is provisional and subject to change in the future by the same tribunal, and accordingly, it is not and does not constitute a bar to this action, and further, inasmuch as defendant has treated plaintiff with extreme cruelty after April 30, 1943, the date of the entry of said judgment and decree as well as prior thereto, said judgment and decree is not res judicata and is not a bar to plaintiff's cause of action as alleged in his complaint and in his reply, and as stated more particularly in his bill of particulars."

This appeal is from the divorce decree "and from that certain order made and entered herein on January 4, 1944, denying to defendant a new trial." The record does not contain a copy of any order denying a motion for a new trial, or any other papers or copies of papers (except the notice of appeal) relating to such order or motion.

It is frankly stated in appellant's opening brief that no transcript of testimony has been made, and that the record on appeal consists of "the Complaint, Answer, Reply, Findings of Fact, Conclusions of Law and Decree, Judgment Roll, Notice of Appeal, Undertaking on Appeal and Clerk's Certificate." She contends that said record shows conclusively that her husband deserted her, and points out that the Massachusetts court in its separate maintenance decree further held that Mrs. Koch, having justifiable cause, was living apart from her husband. Said separate maintenance decree, says the appellant, "is res adjudicata to the effect that the plaintiff in this case is the party who committed the wrong, that the

defendant is the injured party and that that court had no jurisdiction to grant a divorce to the plaintiff and that any divorce which the court had jurisdiction to grant had to be granted to the defendant as the innocent party. * * * We concede that under our statutes where parties are equally at fault the court has the right to grant a divorce to either but it does not at any time have the right to grant it to a guilty party against an innocent party."

It was pointed out in respondent's brief that the record on this appeal contains only the judgment roll, and that there is no bill of exceptions nor any transcript or record showing the evidence. The divorce decree was made and entered December 28, 1943, and the notice of appeal states that the order denying a new trial was made and entered January 4, 1944. Not until three months after this appeal was taken did appellant apply for leave to file a transcript of the proceedings had in the trial court. The application for such leave was made in her closing brief on this appeal, dated May 31, 1944, and filed herein June 1, 1944. The application was in the following words: "We have never been able to, obtain from the Court Reporter any transcript of the proceedings and without such transcript cannot furnish a statement of the evidence. We therefore ask that we may be granted the right to file such transcript at any and such time in the future as we may obtain it from the official Court Reporter of the District Court who reported the proceedings therein. The reason given by said Reporter for not furnishing such tran-script is ill health." At the oral argument on July 20, 1944, appellant again asked leave to file a transcript of the trial proceedings if and when such transcript might be obtained. Reference was again made to the illness of the official reporter, and counsel (Mr. Ayres) also spoke of his own serious illness. This court informed counsel that if a transcript of the trial court's proceedings should be received before the filing of our

opinion, we would determine whether it could properly receive the court's consideration. Except as above stated, it is not contended that any application for extension of time with reference to either bill of exceptions or reporter's transcript was ever made. A transcript of the testimony and proceedings in the lower court, certified by the court reporter, was received by the clerk of this court October 4, 1944.

■ No authority has been cited giving this court jurisdiction to consider the transcript filed under the foregoing circumstances, and it is clear from our statutes and previous decisions of this court that we have no such power. Stats. of Nev. 1937, chap. 32, secs. 31, 36, 2 N. C. L. 1931–1941 Supp., secs. 9385.81, 9385.86, pp. 1258, 1261; In re Powell's Estate, 62 Nev. 133, 144 P. 2d 996; Clack v. Jones, 62 Nev. 72, 140 P. 2d 580; Lewis v. Williams, 61 Nev. 253, 123 P. 2d 730, 125 P 2d 305; McGill v. Lewis, 61 Nev. 28, 111 P. 2d 537, 116 P. 2d 581, 118 P. 2d 702; Burlington T. Co. v. Wilson, 61 Nev. 22, 24, 110 P. 2d 211, 114 P. 2d 1094; Hartford Mining Co. v. Home Lumber & Coal Co., 61 Nev. 1, 107 P. 2d 128, 114 P. 2d 1091. No request was made at any time for modifications or additions to the trial court's findings of fact. From what has been said it is plain that this appeal can be considered by this court only on the judgment roll.

■ Appellant made no attack in this court on the sufficiency or bona fide character of plaintiff's residence until her closing brief. Plaintiff's residence was properly alleged in his complaint, and the lower court expressly found that his residence was sufficient, both as to the period of time and as to its bona fide character. As there is no bill of exceptions, and no request was made for modifications or additions to the findings, this court cannot consider appellant's attack on the bona fide character of plaintiff's residence.

■■ With reference to the defense of res judicata, if we assume, for the purpose of discussion only, that the

separate maintenance decree is res judicata as to all grounds of divorce occurring prior to the date of that decree, it is not res judicata as to extreme cruelty occurring thereafter. 17 Am. Jur., "Divorce and Separation," sec. 178, p. 240, n. 8; 17 Am. Jur., 1944 Pocket Parts, "Divorce and Separation," sec. 178.1 (new text), p. 18, 2d col.; Ann., 138 A. L. R. 346, pp. 361–365, citing Pease v. Pease, 47 Nev. 124, 217 P. 239. Plaintiff alleged, and the trial court found, that defendant was guilty of extreme cruelty to plaintiff after as well as before the date of the separate maintenance decree. As there was no request for any modification or addition to this finding, and no bill of exceptions, the finding must be accepted by this court.

█ Appellant contends that she could not be guilty of extreme cruelty toward her husband while they were separated and living apart. Such is not the law. Palmanteer v. Palmanteer, 11 Cal. 2d 570, 81 P. 2d 910; 27 C. J. S., Divorce, sec. 24, p. 544, note 85.

The judgment and order appealed from are affirmed.