RICHARD LEWIS, Appellant, *v.* ALICE EFFIE
LISSON LEWIS, Respondent.

No. 3802 and No. 3862

November 3, 1955.                              289 P.2d 414.

*Samuelson and Johnson,* of Reno, and *John H.
McNamee* and *Robert E. Jones,* of Las Vegas, for Appellant.

*David Zenoff, Calvin C. Magleby,* and *John Manzonie,*
of Las Vegas, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This is an action for divorce brought by the husband. A decree was entered granting him a divorce and directing payment by him of specified sums for alimony and child support. An appeal to this court was taken by the husband from that portion of the decree which directed the making of such payments. Subsequently the husband moved the trial court, upon the ground of changed circumstances, for reduction of the amount of the payments specified by the decree. This motion was denied and an appeal from that order was taken to this court by the husband. Both appeals have now been consolidated for consideration by this court.

*(1) Appeal from the judgment. Case No. 3802.*

Appellant first asserts that the trial judge abused his discretion in awarding to the wife $200 a month alimony and $100 a month each for the support of three children, a total of $500 a month. It is contended that these sums are excessive in the light of appellant's income.

At the time of the trial appellant testified to an income of approximately $10,000 a year. He was new to the community of Las Vegas in which he was then living. It is clear from the record that in the view of the trial judge appellant's earning power as demonstrated prior to his coming to Las Vegas was such that an increase in income was reasonably to be anticipated. Under the circumstances we cannot say that the judge's evaluation of earning power was unreasonable to the point that his action must be held an abuse of discretion.

Appellant next asserts that the trial court was without power to include the following provision in the decree,. "It is further ordered, adjudged and decreed that in addition to the foregoing allowances the plaintiff shall pay to the defendant forthwith the sum of $12,000." It is contended that this payment of necessity would come from appellant's separate property and that the order thus constituted a disposition of separate property which since 1943 the trial court has had no legislative authority to make. Section 9463, N.C.L., prior to 1943 provided that in granting a divorce the court shall make "such disposition of community and separate property of the parties as shall appear just and equitable * * *." By the 1943 amendment the section was made to read "In granting a divorce the court may award such alimony to the wife and make such disposition of the community property of the parties as shall appear just and equitable * * *. The court may also set apart such portion of the husband's property for the wife's support and the support of their children as shall be deemed just and equitable."

From the record it is clear that the purpose of the award was to enable the wife to provide a home for the minor children and for herself while the children remained in her custody, which home the husband in separating from his wife had neglected to provide. The award, then, insofar as purpose is concerned, falls within the authorization of the statute. Appellant contends, however, that awards of property under the statute can only be by a setting apart of specific property; that this award, contemplating as it must, liquidation of property and application of the proceeds of such liquidation, is not a setting apart. Appellant is unable to supply authority for this distinction. Where the rights to support of a wife or minor children are involved, the words "set apart" should not be narrowly defined. Powell v. Campbell, 20 Nev. 232, 20 P. 156, 2 L.R.A. 615. In our

view appellant's definition is unjustifiably narrow and, under the statute, the award was within the power of the court to make.

We find no abuse of discretion on the part of the trial judge in fixing the amount of the award at $12,000. The record indicates that at the time of separation the husband was possessed of property of a value in excess of $40,000.

Finally appellant contends that the decree improperly provides for support of the children beyond their minority or, at the least, is ambiguous in being subject to such construction. The decree provides that the support payments shall continue "until each of said children has reached the age of majority, marries or becomes self-supporting or until each child has had four years of college education if the child so desires such education * * *." Appellant construes this provision as requiring continued support through college regardless of intervening majority. We do not so construe it. The alternative bases for termination are stated in the disjunctive. Any one of them independently would warrant termination. Respondent concedes that this is the proper construction and we see no need for modification or clarification.

Judgment affirmed.

*(2) Appeal from the order denying motion to modify. Case No. 3862.*

At the time of the motion to modify, ten months after judgment, the record shows a change of circumstances on the part of appellant. His income had been reduced from $10,000 to $5,200. Not only had his anticipated earnings, upon which the court had based its original award of support, failed to materialize; his earnings had been drastically reduced to a point where it would have been impossible for him from earnings to make the payments ordered by the court.

The court denied the motion, refusing to consider it upon the merits, its expressed reasons being that an appeal was pending from the original judgment and that the appellant was in default of the court's order that he pay $12,000 to his former wife.

We see no reason why the pendency of the appeal should preclude a consideration of changed circumstances by the trial court upon a motion to reduce the amount of support. Further the record demonstrates that the appellant was not in legal default. His obligation to pay the $12,000 was involved in the appeal which he had taken and to that extent was actually disputed by him. Counsel for respondent had in effect stipulated that under certain circumstances which have been met by the appellant the requirements of supersedeas would be waived. The pendency of the appeal and waiver of supersedeas then effected a stay of appellant's obligation to make the $12,000 payment and his failure in this regard could constitute no justification for a refusal to consider the motion upon the merits. In our view, then, the court should have proceeded to a consideration of the merits of the appellant's motion for modification.

Appellant also complains that the court refused his request that the respondent be compelled to release to him certain property of his over which she retained a measure of control. His contention is that before he can make the payment of $12,000 his property must be liquidated. The court refused to act upon the ground that the property involved was situated beyond its jurisdiction. Through jurisdiction over the parties, however, the court possessed control over the property and in the interests of avoiding multiplicity of suits it might well have exercised such control. Nevertheless, considering the fact that the payment order was the subject of an appeal, we do not feel that the trial court must necessarily have taken action with reference to property

subject to the control of the wife. Disposition of that property might well be made to await final determination of all questions involving the $12,000 payment and thereafter be made to serve in connection with a complete execution of the court's orders in behalf of the wife and children. The appeal respecting the $12,000 payment having now been determined, appropriate action could now be taken.

The motion to modify is remanded to the trial court for hearing and for discretionary action upon the merits of the requested reduction in monthly payments and for such action respecting property of the husband now subject to control of the wife as the court deems appropriate.

Upon both appeals, costs to respondent.

BADT and EATHER, JJ., concur.