ARTHUR THORNE, APPELLANT, *v.*
MARIE L. THORNE, RESPONDENT.

No. 4050

June 18, 1958.                                    326 P.2d 729.

*Maurice L. Sullivan,* of Reno, for Appellant.

*Springmeyer & Thompson,* of Reno, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal taken by the husband from certain provisions of a decree of divorce rendered in favor of the wife, March 11, 1957. The appeal is directed to those provisions of the decree which direct the husband to pay to the wife the sum of $20,000 and to convey to her certain real property and to pay to her for counsel fees the sum of $2,500.

The court by its findings determined that the husband was possessed of separate property of a value in excess

of $250,000 and that the wife was possessed of separate property of an approximate net value of $55,000. There was no community property owned by the parties.

The pertinent language of the decree is as follows:

"2. That in settlement of all property rights of the parties, it is hereby ordered:

"(a) That plaintiff pay to defendant a lump sum of $20,000, in four equal annual installments of $5,000 each. * * *

"(b) That plaintiff convey to defendant, by good and sufficient deeds of transfer and conveyance, his undivided five-eighths interest in what is commonly known as the Orchard Property in Rye, New York. * * *

"(f) That plaintiff pay to defendant for the services of defendant's attorneys the sum of $2,500."

The conclusions of law in support of this portion of the decree are "In settlement of all property rights of the parties, it is deemed just and equitable that the following orders should be made." Then follow the orders for payment and conveyance as heretofore quoted from the decree.

As to paragraphs 2(a) and 2(b) of the decree the husband contends that they amount to a division of his separate property and are unauthorized by law. NRS 125.150 provides as follows:

"1. In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children.

"2. The court may also set apart such portion of the husband's property for the wife's support and the support of their children as shall be deemed just and equitable."

In support of the court orders, respondent contends that the record amply demonstrates that the property

settlement as decreed was just and equitable. She refers to testimony as to the husband's matrimonial delicts and as to her own financial contributions to the parties' income, through her own labor. Under the facts of this case, however, these are not appropriate considerations save as they might have been held to bear upon the husband's continuing obligation to provide for his wife's support.

The statutory power of the court to make equitable disposition of the property owned by the parties is, under NRS 125.150, limited to community property. The only power of the court over the husband's separate property is to set aside such portion for the wife's support as shall be deemed just and equitable. In this case the rights or needs of the wife to continuing support of the husband were neither asserted nor adjudicated in the court below. They were not the subject of pleadings, findings, conclusions or decree; nor would it be possible for this court so to consider them without taking upon ourselves the functions of pleader and the discretionary powers of a trial court. The language both of the conclusions of law and of the decree indicates clearly the intention of the court to accomplish an adjustment of property rights which, under the circumstances of the case, might be regarded as equitable and just. This is borne out by the prayer of the wife's counterclaim "That the court make proper settlement of the property rights of plaintiff and defendant." This power the court did not possess under the quoted statute.

As to the judgment for counsel fees, appellant contends that the court had no power to render such judgment; that its only power with respect to counsel fees lies in the area of suit money under NRS 125.040 to require the husband "to pay such sums as may be necessary to enable the wife to carry on or defend such suit."

This point, too, is well taken. While expenses of the litigation may well be taken into consideration by a court

in its disposition of community property, judgment for counsel fees in an action for divorce is not otherwise authorized save as founded upon a motion for suit money and the showing necessary upon such a motion. In this case, while a motion for suit money was filed, no hearing upon it was ever had and no order with respect to it was ever made.

Reversed and remanded with instructions that paragraphs 2(a), 2(b) and 2(f) be stricken from the judgment and decree rendered in this matter March 11, 1957. Costs are awarded to the respondent.

BADT, C. J., and MERRILL, J., concur.