EARL A. COOLMAN, Appellant, *v.* EVELYN COOLMAN, Respondent.

No. 4227

January 22, 1960 348 P.2d 471

*Cory, Denton & Smith*, of Las Vegas, for Appellant.

*Albert Matteucci*, of Las Vegas, for Respondent.

## OPINION

By the Court, MCNAMEE, C. J.:

This is an appeal from a judgment and decree awarding to the respondent a divorce on the ground of extreme cruelty. Appellant's answer denied the charge. The lower court tried the case without a jury and found that since the marriage of the parties the appellant had treated respondent with extreme cruelty, and thereupon a judgment and decree of divorce was entered. On this appeal

we are not concerned with the particular acts relied upon by the respondent as constituting extreme cruelty on the part of the appellant. Appellant's sole contention for a reversal is that there is insufficient evidence to justify the conclusion that the conduct of appellant, even if cruel, injured respondent's health or put her in fear of injury to her health.

Respondent, after testifying in detail about appellant's conduct toward her, which in part consisted of his acts tending to humiliate and degrade her, as well as his false accusations of her infidelity, stated that she was "under terrific pressure all the time," that at the time of their separation she had almost constant migraine headaches, and that this condition was a result of the conditions under which she was living with her husband. In Leland v. Leland, 71 Nev. 346, 291 P.2d 905, testimony of a similar nature was held to be sufficient in itself to support the trial court's finding that the respondent's health had been injured.

That there may be extreme cruelty without personal violence is well settled in this state and needs no further comment. Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355. The conduct complained of, however, must result in danger to life, limb or health or in the reasonable apprehension of such danger. Kelly v. Kelly, 18 Nev. 49, 1 P. 194, 51 Am.Rep. 732. In determining whether the conduct complained of had such results the court is obliged to consider the character and refinement of the parties, and the conclusion to be reached must depend upon the particular facts of each case. Kelly v. Kelly, supra.

The trial judge was confronted by both parties during the trial and from their testimony and demeanor on the witness stand he would be in a position to evaluate their character and refinement as well as the sensibilities of the respondent. It is upon such evaluation rather than upon the testimony of the complaining party alone that

his determination of the effect of the cruel treatment upon the health of the injured spouse should be based. Ormachea v. Ormachea, supra; Bess v. Bess, 58 Ida. 259, 72 P.2d 285; Bradley v. Bradley, Okl., 284 P.2d 434.

It is proper to infer that the conclusion of the trial judge, in holding that the appellant had been guilty of such extreme cruelty as to authorize a divorce, was a result of his finding that the aforesaid requirements therefor were present. Bess v. Bess, supra.

Judgment is affirmed.

BADT and PIKE, JJ., concur.