FREDERICK RICHARD JOHNSON, Appellant, v.
BOBBIE BEATRICE JOHNSON, Respondent.

No. 4273

June 17, 1960                                    353 P.2d 449

(Rehearing denied July 15, 1960.)

*Belford, Anglim & Brown,* of Reno, for Appellant.

*Parraguirre, Parraguirre & Parraguirre,* of Reno, for
Respondent.

## OPINION

By the Court, PIKE, J.:

This is an appeal by the husband from a judgment of the trial court granting a divorce and other relief to the wife. The wife's amended complaint alleged in Paragraph VIII thereof, "That on or about the 25th day of May, 1958, the defendant struck and hit the plaintiff and as a result of such striking and hitting, the plaintiff suffered a fractured rib, bruises about her head and body and was otherwise injured." Paragraph IX alleged, "That since the marriage of the parties, defendant has committed adultery, remaining unforgiven." The husband's answer denied the allegations of cruelty and adultery and his counterclaim alleged extreme cruelty. on the part of the wife as a cause for divorce. The court, sitting without a jury, found in favor of the wife on the issue of divorce. It found, "That since the marriage of the parties, defendant has treated plaintiff with extreme cruelty as alleged in Paragraph VIII of plaintiff's complaint, and that such allegations are true, and that all of the acts of extreme cruelty were without cause or provocation on the part of plaintiff and have caused said plaintiff intense pain, anguish and suffering and seriously interfered with and impaired her health and made further cohabitation impossible." As the court made no finding with reference to adultery, it necessarily appears that the divorce was granted on the ground of extreme cruelty although the conclusions and decree do not specifically so state. Also, the failure of the court to find on the issue of adultery must be construed as showing a failure on the part of the wife to establish that cause for divorce. State ex rel. Department of Highways v. Olsen, 76 Nev. 176, 351 P.2d 186; Peterson v. Wiesner, 62 Nev. 184, 146 P.2d 789; Burlington Transportation Co. v. Wilson, 61 Nev. 22, 24, 110 P.2d 211, 114 P.2d 1094.

Appellant contends that the finding of extreme cruelty

is not supported by the evidence. As the basis for this contention, he urges that the uncontradicted testimony of the husband establishes that any of the acts of cruelty found by the court were provoked by conduct on the part of the wife. As to the occurrence of May 25, 1958, the testimony of the wife and that of the husband is diametrically opposed with reference to hitting, biting, kicking, striking, provocation or lack thereof. There was ample evidence before the trial court to sustain its finding that the acts committed by the husband were without cause or provocation on the part of the wife.

The husband contends that the finding of a single act of violence by him does not support the judgment of divorce. The evidence shows more than a single act of violence, although it is true all occurred on a single occasion. However, the character of a single act and the circumstances under which it was committed, may be such as reasonably to cause apprehension of a repetition and suffice to establish the ground of extreme cruelty. Kapp v. District Court, 31 Nev. 444, 103 P. 235; Crabtree v. Crabtree, 154 Ark. 401, 242 S.W. 804, 806, 24 A.L.R. 912.

The trial court had both parties before it and was in a position to evaluate the consequences of the husband's unprovoked conduct as a basis for causing the wife to have a continuing apprehension of the repetition of such conduct by the husband. Cf. Coolman v. Coolman, 76 Nev. 43, 348 P.2d 471.

The finding of the trial court that the husband treated the wife with extreme cruelty, and the judgment thereon, must be sustained.

After the wife had testified concerning the occurrences of May 25 and other acts of cruelty on the part of the husband, further testimony by the wife was objected to on the ground that the complaint did not sufficiently allege extreme cruelty as a cause for divorce. Appellant

does not raise this point on appeal, and we find it unnecessary to consider the sufficiency of respondent's pleading of the cause of action upon which she prevailed. The record sufficiently discloses that the issue of extreme cruelty was tried with the consent of the parties as shown by their respective testimony. Accordingly, such issue must be treated in all respects as though it had been raised in the pleadings. NRCP 15(b).

During coverture the parties had acquired a coffee shop and certain other assets, all of which were community property. Prior to the marriage the wife owned a dwelling house, constituting her separate property. There was an indebtedness of about $4,000 on the dwelling house at the time that the parties intermarried. In connection with the acquisition of the coffee shop the parties to this appeal, after their marriage, borrowed $5,700 with a deed of trust on the dwelling house to secure payment of the same. Some $4,000 of the proceeds of this loan was used to pay off the preexisting indebtedness on the property, and about $1,500 was applied to either the purchase or improvement of the coffee shop.

The husband and wife ceased to live together on May 18, 1958 and after that date the husband continued to operate the coffee shop while the wife, living separate and apart from him, had employment at a casino. The testimony of the wife, with reference to more than three years during which she worked long hours at the coffee shop, and her other contributions to such community property, were before the court. After granting an absolute divorce to the wife the divorce decree made provision for the custody and support of a minor child and provided that the husband pay to the wife the sum of $5,000, "* * * as and for plaintiff's interest in the business known as Bobbies Coffee Shop, * * . *" in installments of $1,000 each, on or before specified dates, and also that the husband pay to the wife one half of the balance owing on the loan and secured by the deed of trust on the wife's house, such payments to be made

in monthly installments. The decree also provided for a specific division to be made between the parties of certain corporate stock shown to have been their community property. Appellant contends that the trial court was without power to direct appellant to pay to plaintiff $5,000 for her interest in the coffee shop or to pay one half of the balance unpaid on the promissory note. In support of this contention he cites the decision of this court in Thorne v. Thorne, 74 Nev. 211, 326 P.2d 729, as restricting the power of the court in granting a divorce, to the granting of alimony, to the disposition of the community property and to the setting apart of such portion of the husband's separate property for the support of the wife as appears proper. Appellant argues that, as there was nothing in the pleadings, evidence, or findings that there was any money belonging to the community, the payments required to be made by defendant after the divorce would be from his separate funds, and that such provisions of the judgment were not within the jurisdiction of the court.

We are unable to agree with appellant's contention. Appellant does not dispute that the coffee shop was a community property asset of the parties. Evidence as to the value of this community asset varied but, under any construction of the evidence, the coffee shop appears to have had a substantial value. Defendant had listed it for sale with a real estate firm for $20,000. The husband had operated it for a number of years and, from all that appears, it would have been impracticable to undertake a division of this asset. The relationship of the parties was such as to have completely discounted the continued operation of the coffee shop with both of them participating.

Accordingly, we view the action taken by the trial court as being in effect a division of community property, with the husband receiving the community property asset and being required to pay the wife for her interest in the same. As above noted, the trial court so stated in this portion of the judgment. Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355.

At the time of the trial the $5,700 secured indebtedness on the wife's separate property had been reduced, by payments made, to a balance remaining of about $4,000. The court ordered the husband to pay to the wife one half of such remaining balance of the indebtedness, or what amounted to $2,000, in monthly payments of $50 each. This indebtedness was an indebtedness of the community, incurred by the parties in 1953, and in ordering the husband to pay his one half of such indebtedness the court was likewise within its jurisdiction in making a division of community property. In determining the value of the community property assets, the amount of community property indebtedness had to be considered, and the court took this means of equalizing the division. NRS 125.150. Leland v. Leland, 71 Nev. 346, 291 P.2d 905; Ormachea v. Ormachea, supra.

Thorne v. Thorne, supra, relied upon by respondent, may be distinguished. In that case this court pointed out that there was no community property owned by the parties and, likewise, as there was no issue concerning the rights or needs of the wife for continuing support, the court under NRS 125.150 was lacking in statutory power to make a division of the husband's separate property.

Judgment affirmed.

MCNAMEE, C. J., and BADT, J., concur.