EDWIN MYLES ADLER, APPELLANT, *v.* SUZANNE LA FRANCE ADLER, RESPONDENT.

No. 4730

July 24, 1964 394 P.2d 350

*Murray Posin,* of Las Vegas, for Appellant.

*G. William Coulthard* and *Franklin N. Smith,* of Las Vegas, for Respondent.

# OPINION

By the Court, BADT, C.J.:

This is an appeal from order of the trial court denying the appellant husband's motion to modify the alimony provisions of a divorce decree of July 14, 1953, by reducing his alimony payments from $130 per week to $150 per month. The appellant husband's motion was made June 14, 1963.[1] The appeal is also from the court's order granting her motion for allowance of attorney fees in the sum of $3,000.[2] The court also ordered the appellant to pay the costs of reporting and transcribing the husband's deposition taken by the wife. It denied the wife's application for an allowance of $250 for accountant's services.

Two issues are raised by the appeal: (1) did the lower court abuse its discretion in refusing to modify its previous alimony award; (2) did the lower court abuse its discretion in allowing respondent $3,000 for attorney fees.

The 1953 divorce decree, after awarding the payment to the wife of the sum of $1,000 and alimony of $130 per week, specifically reserved jurisdiction in the district court "to reduce the provision for weekly alimony upon the defendant's application * * * and upon a showing satisfactory to the court of substantial adverse change in the defendant's current income."

The parties had been married in 1947, and after six

---

[1] The respondent wife filed a counter-motion October 30, 1963, to increase the alimony provision from $130 per week to $150 per week. This motion was likewise denied, but the order denying the wife's motion is not involved in this appeal.

[2] The wife had asked for $5,000.

years of a childless marriage, were divorced. The decree was entered, with reservation of jurisdiction as worded above. At the time of the divorce the husband was receiving a salary of $22,500 a year as executive vice-president of a large shoe-store chain, plus certain expenses and other benefits. He also had income from investments, which investments were valued at approximately $400,000. His employment was terminated June 1, 1962. Efforts to find suitable employment proved fruitless because of his age (55). His gross annual income at the time of the hearing of his motion was approximately $11,300, derived entirely from capital investments.

The wife at the time of the hearing of the motion was 42 years old. (She was 26 years old at the time of the marriage and 32 years old at the time of the divorce.) The husband remarried in July, 1956. The wife never remarried. Apparently, despite the cessation of his former salary, he has been able for the most part to continue his mode of living in a $35,000 co-op apartment on Fifth Avenue, New York. He sold his boat for some $2,000 and his ranch-style house on Long Island has been listed for sale, with no bidders.

The wife lives in an apartment consisting of one room and bath, with meager kitchen facilities, for which she pays $150 a month rent. She is a college graduate, with a Bachelor of Arts degree in a French university and a Master of Arts degree from Mt. Holyoke College. She is fluent in French, as well as English. She could undoubtedly qualify for gainful employment. However, she had a number of operations involving hospitalization for extended periods of time, which limited her capacity for work. The husband's net worth at the time of the hearing was approximately the same as of the date of the divorce. His motion for a reduction of alimony payments was made within six months of his actual reduction in salary. The trial court could have felt that his unemployment was only temporary and that his managerial experience of many years would indicate the probability of early gainful employment.

Much has been said by the courts with reference to

the exercise of judicial discretion. For what has been said in this jurisdiction it will be sufficient merely to make a reference to a number of the cases. Toth v. Toth, 80 Nev. 33, 389 P.2d 73; Schmutzer v. Schmutzer, 76 Nev. 123, 350 P.2d 142; Goodman v. Goodman, 68 Nev. 484, 236 P.2d 305. See Folks v. Folks, 77 Nev. 45, 359 P.2d 92.

We find no abuse of discretion in the trial court's denial of appellant's motion for modification of alimony.

The allowance of a $3,000 attorney·fee to the wife for services in contesting the husband's application for a reduction of alimony payments is however another matter. The record shows that the services of Nevada and New York counsel for the wife were (1) the drafting of the wife's affidavit in opposition to the husband's motion and in support of her own motion wherein she recited at length sundry injuries, illness, and resulting hospitalization. She then recites her financial needs and her lack of money. (2) New York counsel's affidavit supporting application for counsel fees, which indicates conferences with her husband's attorneys, correspondence with plaintiff's Las Vegas attorney, assisting in drafting the wife's affidavit, conferences with the plaintiff's accountant, and study of the husband's financial data, taking of the husband's deposition in New York, "extensive legal research into defendant's claim of right to a reduction in alimony and reserved jurisdiction for plaintiff to counterclaim for an increase in alimony," numerous conferences with plaintiff and others and miscellaneous related services, which he approximated at 35 hours, which on this record we cannot help but question. (3) An affidavit of a certified public accountant. His testimony consisted in the main in analyzing the accounts and schedules of assets submitted by the husband. (4) A one-page affidavit by Dr. F. R. De Luca who testified to the nature of the injuries and hospitalization suffered by the wife as recited in her affidavit. (5) The affidavit of another of the husband's attorneys, two pages long, which cites one New York trial court authority. Nothing in particular was added by this affidavit.

(6) The taking of the deposition of the husband at New York. The deposition, for the most part, confirmed the financial accounts that had been voluntarily submitted by the husband.

The actual presentation of the husband's motion and the wife's opposition thereto, as well as the wife's motion, was had in the chambers of the district judge at Las Vegas, Nevada, and occupied no more than an hour, according to the statements of counsel. It consisted entirely of the submission of the affidavits and the deposition above referred to and counsel's arguments.

The record before the district court is the same as the record before this court, and this court has the same opportunity to evaluate the services of counsel that the district court had. Mortimer v. Pacific States Savings & Loan Co., Appeal of Badt, 62 Nev. 142, 162, 145 P.2d 733, 739. We are satisfied that an allowance of $3,000 as the fee to the wife's counsel for the services performed by them was excessive and an abuse of discretion on the part of the trial court.

The wife, as respondent, before filing her answer to the appellant's opening brief, filed her motion in this court for an allowance of attorney fees in defending against the husband's appeal. We deferred taking action on this motion pending argument on the appeal, but considered the motion as looking to the attorney's prospective services, and are now of the opinion that a fee should be allowed (which will include counsel's expense in traveling from Las Vegas to Carson City for argument of the appeal) in the sum of $500.

The order denying the husband's motion for a reduction of alimony is affirmed. The order of the lower court that the husband pay to the wife's attorneys for legal services rendered the sum of $3,000 is hereby reversed, and the cause remanded with directions to set aside such order and to enter an order allowing an attorney fee of $1,000. Such order, when entered, will stand affirmed.

It is further ordered that appellant pay to respondent

the sum of $500 for her attorney fees in this court on the present appeal; otherwise no costs are allowed.

McNAMEE and THOMPSON, JJ., concur.