## GEORGIA VIRGINIA ROSENBAUM, Appellant, v. MANSELL G. ROSENBAUM, Respondent.

No. 6035

July 6, 1970                                             471 P.2d 254

*Michael L. Hines* and *Henry R. Gordon,* of Las Vegas, for Appellant.

*W. Owen Nitz* and *John D. Nitz,* of Las Vegas, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal by appellant-wife (defendant below) in a divorce action from a judgment in favor of respondent-husband (plaintiff below).

Georgia and Mansell, husband and wife for 24 years, and parents of three minor children, maintained their marital domicile in Missouri. Mansell was there employed by the F.A.A. as an Air Traffic Controller, earning $19,206 per year.

While residing in Missouri, Mansell sued Georgia for divorce, which was denied him by a court in that state in the latter part of 1968. In January, 1969, Mansell quit his job, moved to Nevada, established residence in Las Vegas, and filed a new action for divorce against Georgia in March, alleging grounds of extreme mental cruelty and incompatibility. Georgia appeared, contested the grounds, and alleged an affirmative defense that the Missouri decision denying Mansell a divorce was res judicata of the Nevada action.

Both parties appeared and testified at the trial. The judge awarded Mansell a divorce but gave Georgia the equity of the

parties in their Missouri home and furnishings, one-half of a savings account of approximately $7,000, and a 1960 auto. Georgia was also given custody of the children, $40 per month child support for each and $10 per month alimony.

The principally contested issues at trial dealt with the res judicata question and the amount of support awarded to Georgia for support of the children and herself.

Georgia, who failed to offer in evidence a transcript, findings, conclusions or decree from the Missouri action, contends that facts admitted by Mansell in the present action sustain her affirmative defense of res judicata. Mansell, on the other hand, maintains that the issues decided by the Missouri court were prior in time to those considered by the Nevada court and thus Georgia failed to prove her affirmative defense.

Evidence presented by Mansell in the Nevada action indicated he had earned over $19,000 per year in Missouri as an Air Traffic Controller but that he quit that job when he left Missouri because of Georgia's misconduct and could not obtain a similar position in the Las Vegas area. He testified he had obtained employment in a bank which he liked and in which he hoped to remain, but earned only $400 per month.

Georgia's counsel repeatedly attempted to adduce proof that Mansell previously earned a much higher income, was capable of far greater earnings, and that his employment in a position unrelated to his former occupation and experience, with greatly reduced earnings, was admissible for consideration by the court in exercising its discretion in fixing alimony and child support which it ordered Mansell to pay. The lower court refused to admit or consider evidence concerning Mansell's prior income and potential future earnings, or the availability of jobs paying more, holding such evidence was speculation and not relevant to the issues.

The issues for our consideration are these:

I.   Whether the Missouri divorce trial was res judicata of the Nevada action?

II.   Whether the lower court erred in refusing to consider respondent's earning capacity and the availability of employment in his prior occupation which paid more than his occupation at the time of the trial?

1.   A careful review of the record shows there was no evidence presented by either party in the Nevada action which could be said to be the same evidence relied upon by the Missouri court.

For the affirmative defense of res judicata to be sustained, there must be identity of "causes of action." As this court said in Silverman v. Silverman, 52 Nev. 152, 283 P. 593 (1930):

"The true test of the identity of 'causes of action,' as that term is used in connection with the plea of former adjudication, is the identity of the facts essential to their maintenance. The identity of the causes of action may appear from evidence in the two cases as well as from the pleadings.

"The authorities agree that *when the same evidence supports both the present and the former cause of action,* the two causes of action are identical." 52 Nev. at 169–70 (emphasis added). Here, there was no evidence to indicate identity of causes of action. The trial judge and Mansell's counsel were careful to limit Mansell's testimony to events occurring after October 11, 1968, date of the Missouri decree. There is nothing in the record to indicate the grounds upon which the Missouri action was tried or decided. There was no error. Koch v. Koch, 62 Nev. 399, 152 P.2d 430 (1944); Pease v. Pease, 47 Nev. 124, 217 P. 239 (1923).

2. Both the statutory and case law of Nevada give a trial judge discretion in awarding alimony and child support, and fixing the amount of the award. NRS 125.140 provides:

"1. The court, in granting a divorce, shall make such disposition of, and provision for, the children, as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children.

"2. In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

NRS 125.150 provides:

"1. In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and

to the burdens, if any, imposed upon it, for the benefit of the children.

"...

"3. The court may also set apart such portion of the husband's property for the wife's support and the support of their children as shall be deemed just and equitable." See Wilson v. Wilson, 66 Nev. 405, 212 P.2d 1066 (1949); Lewis v. Lewis, 71 Nev. 301, 289 P.2d 414 (1955); Adler v. Adler, 80 Nev. 364, 394 P.2d 350 (1964).

Contrary to the ruling of the trial judge in this case, it also appears he may consider evidence that the income of a husband and father will increase in the future, based on past earnings. In Lewis v. Lewis, supra, upholding the exercise of the trial judge's discretion against a claim he awarded too great an amount for child support, this court said:

"At the time of the trial appellant testified to an income of approximately $10,000 a year. He was new to the community of Las Vegas in which he was then living. It is clear from the record that in view of the trial judge appellant's *earning power* as demonstrated prior to his coming to Las Vegas was such that an increase in income was reasonably to be anticipated." 71 Nev. at 303. (Emphasis added.)

We think a trial judge, in exercising that discretion, should be allowed, but not required, in fixing the amount of alimony or child support to consider what a husband or father could in good faith earn if he so desired. This view is consistent with the law in other jurisdictions. See Bratnober v. Bratnober, 309 P.2d 441 (Cal. 1957); Mowery v. Mowery, 118 A.2d 49, 54–55 (N.J.Super.Ct.App.Div. 1955); Commonwealth v. Haley, 184 A.2d 155 (Pa.Super.Ct. 1962); Toebe v. Toebe, 30 N.W.2d 585 (Minn. 1948); Annot., 1 A.L.R.3d 156–57, 343–45, 406–10 (1965). The key to this rule is the good faith of the husband or father. If he intentionally holds a job below his reasonable level of skill or purposefully earns less than his reasonable capabilities permit, the court should take that into consideration in fixing the amount of alimony or child support. On the other hand, if a husband or father, through circumstances beyond his control, cannot in good faith obtain a job commensurate with his skills or by the exercise of ordinary industry of a person commanding those skills earn more money, the award should be in keeping with his ability to pay, having regard for all other factors which bear upon the issue.

The trial court could have considered the evidence offered by Georgia's counsel. We cannot say that if he considers such evidence it will necessarily cause him to modify the amount of the awards made in this case. But because of the possibility he may reach a different conclusion, we reverse the cause and remand for retrial on the limited issue of the amount of the award of alimony and child support.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.