RICHARD MINNEAR, APPELLANT, v.
BEVERLY MINNEAR, RESPONDENT.

No. 21273

July 12, 1991                                814 P.2d 85

---

[4]The Honorable Peter I. Breen, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. VI, § 4.

*Leslie Mark Stovall,* Las Vegas, for Appellant.

*William R. Phillips* and *Frances-Anne Fine,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The parties to this appeal were divorced in 1981. They have two daughters. Respondent filed a motion to modify the divorce decree, seeking an extension of appellant's support obligation for his eldest daughter beyond the statutory age of majority. Respondent also sought an increase in the amount of support for both daughters. NRS 125.210(3) gives the trial court discretionary authority to change, modify or revoke provisions within divorce decrees pertaining to child support. Such revisions are reviewable by this court only for abuse of discretion. Edwards v. Edwards, 82 Nev. 392, 393, 419 P.2d 637, 638 (1966).

An evidentiary hearing was held before a domestic relations referee. Respondent presented medical testimony that her eldest daughter, Jennifer, was handicapped and unable to support herself. Appellant, a board certified physician, disputed the severity of his daughter's illness. He also filed an Affidavit of Financial Condition stating that his monthly income did not exceed $1,200 per month. Appellant and his current wife own numerous rental properties as community property. Appellant indicated that his monthly rental income from the properties was $6,045; however, after deducting mortgage payments and operating expenses, he claimed a net income of only $18.31 per month on the properties.

The referee found that Jennifer currently was handicapped and in need of support from her father. This order was made pursuant to NRS 125B.110(1).[1] The referee also found that appellant was willfully underemployed and, pursuant to NRS 125B.080(8), recommended that his support obligation be increased to $500 per month per child.[2] The district court accepted the referee's recommendation in its entirety.

Appellant argues that the court below abused its discretion in ordering extended support for Jennifer because there was no evidence to support this decision. He claims that Jennifer's condition is in remission and that she is no longer handicapped as required by the statute. Respondent relies on the testimony of Jennifer and her doctors concerning her continuing health problems. We believe the referee was presented with conflicting evidence and used his discretion in recommending extended support. Appellant fails to point to any particularized abuse of discretion by the district court in its adoption of the referee's report. The record does not reflect any abuse of discretion. Accordingly, the decision extending appellant's support obligation is affirmed.

Appellant also challenges the ruling that he was willfully

---

[1] NRS 125B.110(1) states:

A parent shall support beyond the age of majority his child who is physically or mentally handicapped until the child is no longer handicapped or until the child becomes self-supporting. The handicap of the child must have occurred before the age of majority for this duty to apply.

[2] NRS 125B.080(8) states:

If a parent who has an obligation for support is willfully underemployed or unemployed, for the purpose of avoiding an obligation for support of a child, that obligation must be based upon the parent's true potential earning capacity.

underemployed and the court's corresponding order that his support obligation be increased to $500 per month for each of his daughters. The referee's decision to increase support was premised on a finding that appellant was willfully underemployed. Under NRS 125B.080(8), this constitutes a valid reason for increasing a parent's support payments. While we believe that deliberate avoidance may be inferred from the record in this case, we are mindful that NRS 125B.080(8) requires an additional finding that a parent's willful underemployment be "for the purpose of avoiding an obligation for support of a child . . . ." We now hold that, henceforth, where evidence of willful underemployment preponderates, a presumption will arise that such underemployment is for the purpose of avoiding support. Once this presumption arises, the burden of proving willful underemployment for reasons other than avoidance of a support obligation will shift to the supporting parent. *See* People v. Sorensen, 437 P.2d 495, 500 (Cal. 1968).

Accordingly, we hereby affirm the district court's order.

MOWBRAY, C. J., STEFFEN and YOUNG, JJ., and CHRISTENSEN, D. J.,[3] concur.

SPRINGER, J., dissenting:

I agree with the majority's conclusion that NRS 125B.080(8) requires not only a finding of willful underemployment, and requires the further finding that such underemployment was for the purpose of avoiding an obligation for support. In addition, I agree that once a finding of willful underemployment is made, the burden is properly placed on the underemployed party to show the reason for his or her underemployment. Nevertheless, I dissent. No finding was ever made as to the reasons for Dr. Minnear's underemployment, and in my view it is not the province of this court to make such findings simply on the basis of the cold record. I would remand this case, so that the district court could inquire into the reasons for Dr. Minnear's underemployment.

---

[3]The Honorable Carl J. Christensen, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE ROBERT E. ROSE, Justice. Nev. Const. art. VI, § 4.