# IN THE SUPREME COURT OF THE STATE OF NEVADA

JACLYN K. BONHAM, N/K/A JACLYN TOBIAS,
Appellant,
vs.
TYLER A. BONHAM,
Respondent.

No. 78563

FILED

JUN 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a post-decree district court order modifying child support.[1] Eighth Judicial District Court, Family Court Division, Clark County; Linda Marquis, Judge.

The district court modified respondent's child support obligation to $234.45 per month for the two minor children. Appellant argues that the district court abused its discretion by determining respondent's monthly income from his personal business based on the equivalent of a $5.68 hourly wage and using that income, as stated on respondent's fourth financial disclosure form (FDF), to reduce his child support, which was previously set at $578 per month pursuant to a temporary support order.[2] In particular, appellant challenges the district court's finding that respondent is not willfully underemployed, arguing that the evidence supports that respondent has the capacity to earn $100,000 per year, or alternatively that child support should have been based on at

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]The child support in the temporary order included $85.51 per month as half the cost of the dependents' health care premium.

20-23451

least the equivalent of minimum wage. She also challenges the district court's income determination to the extent it allocated half of respondent's business income to his new wife without considering the wife's monthly contribution in calculating respondent's child support obligation, arguing that evidence does not support that the wife owns 50 percent of the business. Finally, appellant contends that the district court abused its discretion in calculating arrearages and declining to address the children's health insurance premium in the March 2019 order.

In light of the testimony and evidence proffered at the evidentiary hearing, the district court improvidently exercised its discretion by not imputing income to respondent that reflects his earning capacity and not considering his new wife's income in calculating his child support obligation. *Rivero v. Rivero*, 125 Nev. 410, 438, 216 P.3d 213, 232 (2009) ("This court reviews the district court's decisions regarding child support for an abuse of discretion."). Respondent testified he has an Associate's degree in electrical technology and a Bachelor of Science in "technical project management," 10 years' experience in technical roles or supply-chain optimization, and has "been in manufacturing since 2001," earning $50,000 to $114,000 annually. Thus, his testimony supports that he has the capacity to earn more than the equivalent of $5.68 per hour given his education and experience, in addition to the fact that he did receive some job offers in Las Vegas before relocating to Colorado and now qualifies for a carpentry job at union wages. *Rosenbaum v. Rosenbaum*, 86 Nev. 550, 554, 471 P.2d 254, 256-57 (1970) (observing that, in determining child support obligation, the district court may impute income to one party when that party "purposely earns less than his reasonable capabilities permit"). His testimony that he did not know whether he could obtain other employment to earn more

money and acknowledgement that nothing prevents him from working 40 hours per week or seeking employment in a field commensurate with his experience and education does not overcome his burden of showing that his self-underemployment is not for the purpose of avoiding child support. NRS 125B.080(8) (2017) (addressing child support based on a parent's true potential earning capacity); *Minnear v. Minnear*, 107 Nev. 495, 498, 814 P.2d 85, 86-87 (1991) ("[W]here evidence of willful underemployment preponderates, a presumption will arise that such underemployment is for the purpose of avoiding support. . . [and] the burden of proving willful underemployment for reasons other than avoidance of a support obligation will shift to the supporting parent.").

Additionally, respondent's testimony and financial documentation indicated incongruously that his gross monthly income was only roughly one-fifth of his total monthly expenses, and that he paid these expenses in a timely manner without accessing savings accounts.[3] Respondent claimed to split his business income with his new wife, but also stated that his household income exceeds his personal income, thus apparently allowing him to meet expenses despite a significant shortfall in income. Under these facts, the district court should have considered the wife's income in setting respondent's child support obligation. *Rodgers v. Rodgers*, 110 Nev. 1370, 1376, 887 P.2d 269, 273 (1994) ("[A]n examination of a remarried parent's 'relative income' may properly include consideration of his or her one-half interest in the new spouse's income.").

---

[3]While respondent's FDFs show credit card debt increased from $3,600 to $13,007 in a one-year period, his student loan debt decreased by $5,000, he paid roughly $5,000 in attorney fees, and his savings and investment accounts increased by roughly $105,000 during that same time frame.

As to the remaining issues, we perceive no abuse of discretion in the district court's calculation of arrearages based on the record before us, but we agree with appellant that the district court abused its discretion by not adjusting respondent's child support obligation to include half the cost of the children's health insurance premium. NRS 125B.080(9)(a) (2003) (providing that the court shall consider the cost of health insurance when adjusting the amount of child support upon specific findings of fact). Appellant's child support motion requested that respondent pay half the insurance premium costs, and her FDF and supporting documentation demonstrate that she incurs such costs through her employment, as reflected in the March 2018 temporary support order, which respondent did not dispute. Based on the forgoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order. [4]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Linda Marquis, District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
Steinberg Law Group
Patricia A. Marr, Ltd.
Eighth District Court Clerk

---

[4]Our disposition has no effect on the custody portion of the district court's order.