E. K. PORTER AND HENRY DIEFENDORF, APPELLANTS, v. TEMPA MINING & MILLING COMPANY, A CORPORATION, RESPONDENT.

No. 3261

September 5, 1939.                    93 P.(2d) 741.

*Julian Thruston* and *George E. Marshall,* for Appellants:

*Jo G. Martin,* for Respondent:

## OPINION

By the Court, GUILD, District Judge:

This is an appeal from the district court of the Eighth judicial district of the State of Nevada, in and for Lincoln County, from a judgment in favor of the plaintiff (respondent here) and against the defendants (appellants). The parties will be referred to, for convenience sake, as in the court below, as "plaintiff" and "defendants."

The action was brought for the restitution and possession of certain unpatented mining claims in Lincoln County, Nevada. The defense of the defendants was forfeiture and abandonment; failure to do the required amount of assessment work in the years 1931 and 1932; the revocation of the corporate charter of plaintiff for failure to pay its corporate dues or fees to the State of Nevada; and title and possession of the defendant Diefendorf through actually holding and working said mining claims openly and notoriously by reason of location and possession.

It appears from the record that the Tempa, Spring and Unity lode mining claims were located by Tempa Rafferty, in the Eagle Valley Mining District, Lincoln County, Nevada, in July 1921, and thereafter recorded in the office of the recorder of Lincoln County, Nevada, on the 8th day of August 1921; on the 17th day of May 1922, the locator, Tempa Rafferty, deeded said claims to the Tempa Mining & Milling Company, a California corporation, and in March 1926, the Tempa Mining & Milling Company, a California corporation, deeded the said mining claims to the Tempa Mining & Milling Company, a Nevada corporation; that thereafter, on the 18th day of August 1932, the Tempa Mining & Milling Company, a Nevada corporation, deeded said claims to J. A. Carder and F. O. Klinefelter; that on the 24th day of February 1936, Carder and Klinefelter deeded the said claims to one H. W. Baugh; and that by a deed

bearing date the 23d day of October 1936, H. W. Baugh deeded to the plaintiff here, Tempa Mining & Milling Company, a Nevada corporation, the said mining claims, this latter deed being placed of record on the 3d day of November 1936, in the office of the recorder of Lincoln County, Nevada.

The trial court found, and there is substantial evidence for such finding, that during all of the years in which said claims were successively held by the plaintiff and by the parties holding under the deeds aforementioned annual labor and expenditures in the amount of more than one hundred dollars for each of said claims was performed and expended on said property by the plaintiff and persons in privity with the plaintiff for the benefit of said mining claims in those years in which said labor and expenditures were required by law, and that in such of those years as notices of intention to hold said claims were required to be given and filed that such notices were by the then owners duly given and filed.

■ "Before forfeiture of a mining claim can be declared for failure to do annual assessment, it must be clearly established." Strattan v. Raine, 45 Nev. 10, 197 P. 694, 200 P. 533.

■ "Penalties and forfeitures are not favored, unless plainly expressed." State ex rel. Miller v. Harmon, 35 Nev. 189, 127 P. 221, 223, Ann. Cas. 1914c, 891.

■ It is the settled law of the land that located mining ground is not subject to relocation until after forfeiture or abandonment. Farrell v. Lockhart, 210 U. S. 142, 146, 28 S. Ct. 681, 52 L. Ed. 994, 16 L. R. A. (N. S.) 162.

The defendants claim to have entered into the right and possession of said claims on or about the 15th day of March 1927 by location in the name of defendant Diefendorf, for failure upon the part of the plaintiff company to have performed its annual assessment work for the year 1926; and defend their action, further, on the ground that the plaintiff had no authority in law,

or otherwise, to deed or convey said property to the said Carder and Klinefelter, above mentioned, other than and only through its board of directors, acting as trustees, and not otherwise, and that said deed of conveyance, as mentioned, is, on its face, a corporate deed executed by the president and secretary of the corporation after the corporation had forfeited its charter to the State of Nevada; and further defends upon the ground that the plaintiff was wholly unable to accept the deed above mentioned from H. W. Baugh, reconveying said property, on the 23d day of October 1936, because the date of the conveyance is prior to the reinstatement by the authorities of the State of Nevada of the plaintiff corporation; and, further, that for a period of more than two years prior to the commencement of the action the defendants had been in the actual and peaceful possession of said mining claims, and since the date of location had performed the necessary work to hold said mining claims, and by working the same openly and notoriously during said period of time.

■ The trial court further found that while the defendant Diefendorf entered upon said claims in the year 1927, and thereafter did certain work thereon, the occupancy, holding, and working of said claims by the said Diefendorf did not continue openly, adversely, and notoriously for a period of two years thereafter, but was interrupted and broken by the coming upon the said claims by the owners thereof for the purpose of performing, and by the performance by them, of the annual labor required by law; and, further, that the entry or occupancy made by the defendant Diefendorf for the years 1927, 1928, 1929, 1930, 1932, 1933, and 1934 was interrupted and broken in each of said years either by the performance of annual labor by the owners or the filing by them of the notices of intention to hold required by law.

■ The trial court further found that in the month of March 1927, and for some time prior thereto, and up to and including the time of trial, Mrs. Tempa Rafferty

was a stockholder of the plaintiff corporation and that other than as a stockholder in the corporation she had no interest in said claims. The trial court further found from the defendant Diefendorf's testimony that he entered upon and occupied the mining claims for Mrs. Tempa Rafferty and with the purpose of protecting such interest as she might have in the property and not to initiate or to protect any interest of his own. Upon all of these findings the trial court was amply justified from substantial evidence in the record.

■ It has long been the practice of this court that where there is substantial evidence to justify the findings of a trial court such findings will not be disturbed. With this thought in mind, the only point to be determined, as we see it, by this court is the ruling of the lower court in admitting in evidence the deed from Tempa Mining & Milling Company to Carder and Klinefelter under date August 19, 1932, at a time when the corporation's charter had been forfeited, and the deed made by H. W. Baugh to the plaintiff corporation October 23, 1936, the deed being dated prior to the reinstatement of the corporation. The pleadings admit, and the evidence substantiates the admission, that the plaintiff had forfeited its charter for failure to pay its corporate dues to the State of Nevada on the first Monday in March 1931. Was the deed then issued by the corporation to Carder and Klinefelter valid?

Section 1664 N. C. L. 1929 provides: "Remain Bodies Corporate For Three Years. All corporations, *whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless for the term of three years from such expiration or dissolution be continued as bodies corporate* for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, *to dispose of and convey their property,* and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established."

■ Webster defines "limitation" as being an "Act of limiting; a restriction of power; a qualification," and so this section of the statute above quoted, taken from the general corporation law of the state, passed and approved March 21, 1925, Stats. 1925, c. 177, p. 287, was in full force and effect for approximately a year prior to the date of the deed from the California corporation to the Nevada corporation. So far as we can find, this section has not been repealed or amended.

The legislature of 1925 also passed an act, approved March 21, 1925, Stats. 1925, c. 180, on the same day that the above-mentioned corporation act was passed, providing, among other things, for all corporations to file annually with the Secretary of State of the State of Nevada a list of their officers and directors and designating a resident agent, providing for a fee therefor, a penalty for the violation thereof, and for the reinstatement of corporations whose charters have been forfeited under existing or pre-existing laws. This act was in 1931, c. 219, page 408, amended so as to include the filing of a certificate of acceptance by the resident agents. It must be conceded that this act is a revenue act and also a police power act. Section 5, being section 1808 N. C. L. 1929, sets forth the fact that corporations shall forfeit their charters for failure to meet the tax and penalties prescribed by the act. The part relied upon here by the defendants reads as follows: "In case of forfeiture of the charter and of the right to transact business thereunder, all the property and assets of the defaulting domestic corporations shall be held in trust by the directors of such corporation as in case of insolvent corporations, and the same proceeding may be had with respect thereto as is applicable to insolvent corporations. Any person interested may institute such proceedings at any time after a forfeiture has been declared as herein provided, but in case the governor shall reinstate the charter the proceedings shall at once be dismissed and all property restored to the

officers of the corporation. In case the assets are distributed they shall be applied as follows:" It is the defendants' contention that this section of the statute must be construed in pari materia with section 1664 N. C. L., above quoted, and that, therefore, the deed issued by the officers of the corporation unto Carder and Klinefelter is of no force or effect and title could not have passed except in a deed by the board of directors, acting as trustees under the last-mentioned act.

There is nothing in the record, so far as we have been able to ascertain, as to the authorization, if any, by resolution of the board of directors, or otherwise, for the plaintiff company to execute and deliver its deed of conveyance to Carder and Klinefelter. The deed is signed by one E. A. Feutherstone, vice president, and E. E. Mason, secretary-treasurer. These same parties, as the same officers of the California corporation, deeded to the Nevada corporation, "Plaintiff's Exhibit 3," and it must be assumed that they had ample and sufficient authority and execute such deeds upon behalf of the corporation. At any rate, no member interested in either of the corporations, it must be understood, so far as the record here discloses, has questioned the validity of the authorization for the execution and delivery of the deeds. It is in evidence that the plaintiff corporation had great difficulty selling stock in order to secure funds to carry on during the years of the depression, and Mr. Mason, as secretary-treasurer, testified that the deed from the corporation to Carder and Klinefelter was given for the purpose of protecting the stockholders and saving for them the property.

■ The evidence also discloses that one Everett Hackett performed the annual assessment work upon the claims in question for the year ending July 1, 1929, and the year ending July 1, 1930, and as part compensation received part of the mill upon said premises, and *Mr. Mason, as secretary-treasurer, stated that this was agreed among the board of directors.* Mr. E. E. Mason, as secretary-treasurer of the corporation, made affidavit

and proof of labor for the year ending July 1, 1926, for the year ending July 1, 1927, and for the year ending July 1, 1928, and these annual proofs of labor and the amount expended upon the claims are corroborated by very substantial testimony in the nature of canceled checks, etc. It would appear, therefore, from a careful reading of the evidence, that the trial court properly assumed that the plaintiff corporation, in the first instance, acting by and through its officers, did those things required by law to be done in order to protect the title to the claims, and later, as such officers, carried out the purport and intent of section 1664 N. C. L. 1929, above quoted. The signatures to documents and the impress of the corporate seal on such documents carry with it the presumption that the officer was authorized to perform the act in question, and where a person is clothed with a title such as vice president or secretary of a corporation he has apparent authority as the agent of the corporation to act.

We are convinced from a reading of the record that the vice president and secretary, acting as such, were doing only those things permitted by statute after the plaintiff company had forfeited its charter, and it must be assumed from the state of the record that they had such authority from the corporation and the board of directors thereof.

"It is a general rule that a person acting publicly as an officer of a corporation is presumed rightfully to be in office, and so far as the rights of third persons are concerned, his title to the office can not be inquired into collaterally." 14A C. J., 1839.

▮ "As a general rule the authority of an officer or agent to do a particular act or make a particular contract may be questioned only by the corporation, its stockholders or creditors, and where they do not raise an objection, another third person can not do so or question the validity of the particular act or contract, except such third persons who may be injured thereby." 14A C. J. 2260.

Nothing in the record here to the contrary, it must be assumed, therefore, that the act of the vice president and secretary in executing the deed to Carder and Klinefelter had the full consent and authorization of the directors acting for the corporation and its stockholders. The defendants here had ample notice of the intention of Carder and Klinefelter, and later H. W. Baugh, to hold said mining claims, in the first instance by and through the records of the recorder's office of Lincoln County, and in the second instance by the actual possession and entry upon said claims by themselves and their agents to do the necessary assessment work required by law. The authority must have been delegated by the directors in the first instance, or later ratified by them. In other words, they, as vice president and secretary, did only the things permitted by section 1664, by disposing of the property within the three-year period of limitation prescribed by the statute.

We do not see the necessity, under the circumstances, for a construction of section 1808 N. C. L. in pari materia with section 1664 N. C. L. It is true that the corporation, plaintiff here, at the time of the execution of the deed to Mr. Carder and Mr. Klinefelter was dead for all purposes, except that under the authority of section 1664 it had a right for a period of three years after the date of forfeiture of its charter to dispose of and convey its property. This they proceeded to do and did accomplish.

As to the acceptance of the deed from H. W. Baugh to plaintiff corporation, recorded November 3, 1936, in the records of Lincoln County, this transaction was at a time when the same could not be collaterally attacked by the defendants in this action, and the recordation of the deed being after the date of reinstatement October 29, 1936, it is safe to assume that delivery thereof was had after reinstatement. A deed is not valid for any purpose until delivery.

Being thus advised, and the findings and decision

of the lower court being amply supported by substantial evidence, and finding no error in the record, the judgment and order appealed from are in all respects affirmed.

NOTE—ORR, J., being disqualified, the Governor designated HONORABLE CLARK J. GUILD, Judge of the First Judicial District, to sit in his stead.