JOSEPH P. SHANE, Appellant, v. PAULINE
V. SHANE, Respondent.

No. 5331

January 3, 1968                    435 P.2d 753

*Alex. A. Garroway,* of Reno, for Appellant.

*A. D. Jensen,* of Reno, for Respondent.

## OPINION

By the Court, Mowbray, J.:

This is an appeal from a judgment and decree awarding to respondent a divorce on the ground of extreme cruelty and

an award to respondent of $16,500 "in lieu of all her community property rights, and as and for alimony."

Appellant's answer denied the charge. The trial court found that since the marriage of the parties the appellant had treated the respondent with extreme cruelty "and that said cruelty caused plaintiff to become nervous and thereby lose all of her hair. That plaintiff's health would be irreparably damaged in the event said marriage continued. A reconciliation by and between the parties is impossible."

On this appeal we are not concerned with the particular acts relied on by the respondent. Appellant's contention for a reversal is that there is insufficient evidence to justify the conclusion that the conduct of appellant, even if cruel, injured respondent's health or put her in fear of injury to her health.

This court said in Ormachea v. Ormachea, 67 Nev. 273, 283, 217 P.2d 355, 360 (1950):

"The appellant insists that it [the cruelty] is not enough and does not establish danger to health, life, limb or the reasonable apprehension thereof. We think it does. We cannot always expect that a party in a divorce action will express himself explicitly. In such a matter as this we must to a great extent rely on the trial judge's impressions. He sees and hears the witnesses, and acquaints himself with the way in which a witness expresses himself. He is in a better position to observe the conduct and demeanor of the witness and whether the witness tends to overstate or understate his testimony. Wittenberg v. Wittenberg, 56 Nev. 442, 55 P.2d 619. In this case the trial court had substantial evidence to make a finding, and we are not inclined to disturb it. Porter v. Tempa Mining & Mill Co., 59 Nev. 332, 93 P.2d 741; In re Manse Spring, 60 Nev. 280, 108 P.2d 311. *As an appellate court we cannot substitute our judgment for that of the trial judge in such matters, and will reverse only when there is no substantial evidence to support the finding of the trial court.*"

We reaffirm this well established principle and find it applicable in the instant case.

It is upon the trial judge's valuation of the character and refinement as well as the sensibilities of the respondent, rather than upon the complaining party alone, that his determination of the effect of the cruel treatment upon the health of the injured spouse should be based. Ormachea v. Ormachea, supra; Bess v. Bess, 72 P.2d 285 (Idaho 1937); Bradley v. Bradley, 284 P.2d 434 (Okla. 1955).

It is proper to infer that the conclusion of the trial judge, in holding that the appellant had been guilty of such extreme cruelty as to authorize a divorce, was a result of finding that the aforesaid requirements thereof were present. Bess v. Bess, supra.

Appellant further complains that the trial judge's award of $16,500 to respondent "in lieu of all her community property rights, and as and for alimony" was error.

The courts of this state are authorized by statute to award alimony and make such disposition of the community property of the parties as shall appear just and equitable.[1]

Before the appellate court will interfere with the trial judge's disposition of the community property of the parties or an alimony award, it must appear on the entire record in the case that the discretion of the trial judge has been abused. A review of the record in the instant case clearly establishes that the trial judge after considering all the evidence in the record made a fair, just and equitable award in granting to respondent the sum of $16,500. The record establishes and the trial court found that the appellant received through his accountant $2,259.63 which was the community property of the parties; that $6,504.47 of the community was transferred to the accountant, all with the purpose and design of removing said moneys from the respondent and for the ultimate use of appellant; that at appellant's request respondent executed an $1,800 note to an acquaintance of appellant, which appellant agreed to pay; that respondent had throughout the marriage contributed $400 monthly for the living expenses of the parties as requested by appellant, or over $5,400; and that appellant had failed to make any contributions to the family living expenses,- although he received a monthly salary from the inception of the marriage of $1,600, or $19,200 annually, which salary he still does receive.

---

[1]NRS 125.150. "Alimony and adjudication of property rights; award of attorney's fee; subsequent modification by court on stipulation of parties.

"1. In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children."

There is no showing of abuse of discretion by the trial judge in awarding to the respondent the sum of $16,500, and his order must be affirmed as set forth in the decree with interest at 7 percent per annum from February 17, 1967, upon the unpaid balance.

Respondent was awarded her counsel fees in the trial below, to which award and the amount thereof we find no objection.

Affirmed.

THOMPSON, C. J., COLLINS, ZENOFF, and BATJER, JJ., concur.