**William A. TAYLOR, Appellant,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a corporation, Appellee.**

No. 4285.

District of Columbia Court of Appeals.

Argued July 22, 1968.

Decided Sept. 5, 1968.

John C. Smuck, Washington, D. C., with whom James R. Murphy, Washington, D. C., was on the brief, for appellant.

Harry L. Ryan, Jr., Washington, D. C., with whom John J. Carmody, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and FICKLING, Associate Judges.

MYERS, Associate Judge.

Appellee is a securities dealer with whom appellant kept a trading account, in his name only. Appellant's estranged wife, residing in the state of Washington, who was not authorized to draw on the account, wrote to appellee saying that an emergency had arisen and asked to withdraw $1,000.00. At that time the account contained a balance of $1,072.14. Appellee drew a check for $1,000.00, payable to appellant, mailed it to his wife at her residence, and debited appellant's account. Apparently the wife signed appellant's name as endorser and cashed the check. Upon learning of the withdrawal, appellant filed suit alleging that appellee owed him $1,072.14. Appellee answered and admitted owing $72.14, but argued that it had paid $1,000.00. From a trial finding in appellee's favor, the present appeal is taken. The only question before us is whether, as a matter of law, the established facts make out the affirmative defense of payment.

Generally, payment of a debt so as to extinguish it may be made only to the

creditor or to someone to whom the creditor directs payment to be made. 70 C.J.S. Payment § 4. One making payment to an agent has the burden of showing that the latter had express or apparent authority to receive such payment on behalf of a creditor. Snidow v. Woods, 198 Va. 692, 96 S.E.2d 157 (1957), citing 40 Am.Jur. Payment § 279. The payment of money by a debtor to an unauthorized creditor cannot change the personal right of the creditor against a debtor. Pulitzer Pub. Co. v. Current News Features, 94 F.2d 682 (8th Cir. 1938).

In the instant case, it is not contended that appellant's wife had either express or implied authority to draw on her husband's trading account. The only question is whether making the check payable to appellant under the present circumstances constituted payment to him. We hold that it did not.

■ Appellee drew the check on the instructions of a person who had no authority to give that instruction. In addition, appellee mailed the check to appellant's wife at an address different from the address at which it had been corresponding with appellant. Furthermore, appellee did not inform appellant of its action, and it was not until appellant received a periodic statement that he was apprised of the withdrawal. Under the circumstances, we are of the opinion that appellee's actions do not amount to payment, despite its issuance of the check payable to appellant.

Reversed with directions to enter judgment for appellant in the amount of $1,072.-14.