RAYMOND A. REID, Appellant, v. DeANN H. REID, Respondent.

No. 7128

October 23, 1973                    514 P.2d 1294

*Jones, Jones, Close, Bilbray, Kaufman & Olsen, Ltd.,* of Las Vegas, for Appellant.

*George, Steffen & Simmons,* of Las Vegas, for Respondent.

# OPINION

By the Court, ZENOFF, J.:

Raymond Reid and DeAnn Reid were married in 1962. Two children, ages nine and seven at the time of the divorce, were born of the marriage.

Raymond was a sheetmetal worker at the Nevada Test Site when on July 1, 1971 the Reids, with another couple, the Montheis, purchased Pet Village, Inc. for $213,000. These divorcing parties owned 50 percent of the corporation paying $15,000 for their share of the stock.

As part of their down payment Raymond and DeAnn borrowed $5,000 from DeAnn's father, Mr. Hess. Raymond signed a note for that amount to Mr. Hess who, in turn, borrowed $5,000 which amount was paid directly to Raymond by check from Mr. Hess' credit union. Raymond did not sign Hess' note to the credit union nor was it understood that he was to do so. Their only understanding was that Raymond and DeAnn owed $5,000 to Hess.

Included with the Hess note to the credit union was an insurance policy on Hess' life to secure payment. When Hess died not long after the transaction the insurance paid off his loan to the union. Reid claims that because the same $5,000 was involved in his transaction with Hess and that he in fact had paid $150 on the Hess loan to the union as payment of his own obligation that the loan he owed to Hess was extinguished. The trial court ruled instead that Raymond's obligation to Hess had nothing to do with the Hess loan from the union in the absence of any specific agreement otherwise, that Raymond and DeAnn still owed the balance of their loan to the Hess estate and that

in the divorce settlement DeAnn was to hold Raymond harmless therefrom. This ruling constitutes the main thrust of the appeal.

Additional grounds of appeal are without merit. Raymond, for instance, alleges error by the trial court in excluding testimony that DeAnn participated in adulterous activities eight years prior to the divorce. Under the circumstances reflected in this record we declare that period too remote in time to be given serious consideration. Cf. Gabler v. Gabler, 72 Nev. 325, 304 P.2d 404 (1956). The divorce in this case was granted on well-established grounds of extreme cruelty and no real issue is raised or appears as to the basis of the divorce. Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98 (1961). Raymond claims the trial court abused its discretion regarding distribution of the community property but no abuse was shown. Shane v. Shane, 84 Nev. 20, 22, 435 P.2d 753 (1968); Lockett v. Lockett, 75 Nev. 229, 338 P.2d 77 (1959). Also, although Raymond protests otherwise, the child support of $250 per month for two children was well within the proper discretion of the trial court. Rosenbaum v. Rosenbaum, 86 Nev. 550, 471 P.2d 254 (1970); Goodman v. Goodman, 68 Nev. 484, 236 P.2d 305 (1951).

Regarding the debt of $5,000, the trial court found that the obligation was separate and distinct from that owed to the credit union by Hess. That finding may be implied from the record and is sufficient to support the judgment. Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970).

The husband's complaint is that by recognizing the $5,000 as a still existing debt the court created an unbalance in the distribution of the community property. He reasons that because the wife assumes to pay the $5,000 to her deceased father's estate, the husband receives correspondingly less in the distribution. (He also claims that his wife won't really be called upon to pay the money to her father's estate, but we don't know that to be true.) Raymond's reason for signing the note was to give his father-in-law some protection in the event that he and DeAnn were killed before the money borrowed from the credit union was repaid, but that is no defense to the obligation represented by his note to Hess. In the absence of fraud,

mistake, or a lack or failure of consideration, a prior or contemporaneous oral agreement that a promissory note is not to be payable according to its terms constitutes no defense to an action on the note. Oakland Medical Bldg. Corp. v. Aureguy, 41 Cal.2d 521, 523, 261 P.2d 249 (1953). Furthermore, here we have only Raymond's personal understanding of the consequences of the loan transaction with Hess. His payment directly to the credit union on the Hess obligation is of no significance. An obligation may be discharged by payment to the lendor or to some third person authorized to receive it. Taylor v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 245 A.2d 426 (D.C. App. 1968).

All of the assignments of error were founded upon a claim of trial court abuse of discretion, but in our review we find that the trial court exercised sound discretion which we will not disturb.

The court awards DeAnn the sum of $350 for attorney's fees, the actual cost of travel by air for her counsel, one per diem allowance of $10 and filing fees and any other in court costs directly related to this appeal.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.