JAMES D. ELLETT, APPELLANT, *v.*
NORMA T. ELLETT, RESPONDENT.

No. 8909

January 25, 1978                    573 P.2d 1179

---

[6]See footnote 5, *supra.*

*Erickson, Thorpe & Swainston, Ltd.,* Reno, for Appellant.

*Leslie B. Gray,* Reno, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

On June 5, 1948, the appellant and respondent were married in San Francisco and continued to live in California until 1956 when they became residents of Nevada. During 1966 or 1967, the appellant moved out of the family home in Reno and subsequently lived with another woman.

The appellant, forty-eight years of age at time of trial, is the resident vice-president and manager of Fireman's Fund Insurance Company located in Reno. His annual gross salary from Fireman's is $31,600, but he receives intermittent supplemental income earned as a referee and as an instructor at the University of Nevada in Reno.

The two children by this marriage have each attained the age of majority. The respondent was, at the time of trial, forty-seven years of age and unemployed, contending that she is precluded from employment due to her physical condition, namely, ileitis, a disease of the lower bowel. The existence of the claimed ileitis was challenged by appellant, and each party introduced expert medical testimony to support their respective contentions.

Evidence offered at trial indicated that during the first three years of an approximately nine year separation, appellant placed a monthly sum of $700 to $800 in respondent's checking account from which she paid her bills. Subsequently, appellant began to pay respondent's bills directly and in addition gave

her $150 per month for groceries. Upon institution of the divorce action, the parties entered into an agreement pending the outcome of the litigation by which appellant was to pay all of respondent's expenses and provide an additional $300 in cash per month.

The trial court entered a partial decree of divorce on January 29, 1976, which terminated the marital relationship, however, expressly reserving jurisdiction to issue a subsequent decree regarding the division of community property and community debts, and the award of alimony. That supplemental decree was entered on May 17, 1976, and appellant now appeals therefrom.

Appellant claims the trial court erred and abused its discretion in: (1) making disposition of appellant's retirement plan after the decree of divorce was entered; (2) awarding two community property vehicles to the emancipated children of appellant and respondent; (3) awarding respondent permanent alimony of $750 per month; (4) awarding respondent attorney's fees of $3,000; and (5) entering an uncertain and ambiguous order in requiring appellant to satisfy "all outstanding debts" of the parties. We now turn to a resolution of these questions.

1. *The Retirement Plan.*

Appellant's first claim of error and abuse concerns the trial court's award to respondent of a half-interest in the retirement fund benefits accruing up to the date of the supplemental decree of divorce when the marital relationship was terminated by the partial decree of divorce some four months earlier. Appellant, citing NRS 125.150(3), contends that this constituted an arbitrary award of his separate property in contravention of statutory authority.[1] Appellant does not question the trial court's division of the nonvested retirement rights, thereby implicitly acknowledging the propriety thereof, *see,* In re Marriage of Brown, 544 P.2d 561 (Cal. 1976), however he does contend that it was error to credit respondent with the additional approximate four months' equity in the benefits plan.

Much of appellant's error in this contention rests on his misconception of the partial decree as a final judgment. We need not reach the issue of the trial court's claimed departure from

[1]NRS 125.150(3) provides: "The court may also set apart such portion of the husband's property for the wife's support, or the wife's property for the husband's support if he is disabled or unable to provide for himself, or the property of either spouse for the support of their children as shall be deemed just and equitable."

NRS 125.150(3), since NRS 125.150(1) in relevant part empowers the trial court to "make such disposition of the community property of the parties, as appears just and equitable," and the January decree being interlocutory by its express terms reserved jurisdiction of respondent's community interest in the retirement rights pending final adjudication of the parties' rights following the May proceeding. Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355 (1950). An order or judgment which reserves a question for future consideration and determination is interlocutory and is not a final judgment. *Ormachea, supra;* Alper v. Posin, 77 Nev. 328, 363 P.2d 502 (1961); Elsman v. Elsman, 54 Nev. 20, 2 P.2d 139 (1931).

Before we will reverse the trial court, the record must reveal that the judgment was clearly erroneous and not based upon substantial evidence. Savini Constr. Co. v. A & K Earthmovers, 88 Nev. 5, 492 P.2d 125 (1972). In the instant case, the trial court, in entering the interlocutory decree and reserving jurisdiction to later make its final distribution, was acting within its sound discretion. Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973); Shane v. Shane, 84 Nev. 20, 435 P.2d 753 (1968).

2. *Community Property Vehicles.*

Appellant claims as error the trial court's awarding two, old community property vehicles to the adult daughters of the parties. We agree.

Respondent, while acknowledging that the disposition cannot be characterized as child support or a transfer to respondent, nonetheless argues that the trial court's action was well within the discretion conferred upon the trial court by NRS 125.150(1). This question was settled long ago by our Legislature and this Court. The latitude of discretion conferred upon the trial court by NRS 125.150(1) to dispose of community property with regard to "the burden, if any, imposed upon it, for the benefit of the children," does not pertain to children beyond the age of majority. NRS 129.010; Lewis v. Lewis, 71 Nev. 301, 289 P.2d 414 (1955).

The action by the trial court constituted error and requires reversal and remand.

3. *Award of Alimony.*

Appellant next contends that the trial court abused its discretion by awarding permanent alimony of $750 per month. He basically contends that respondent is capable of gainful employment and that being the case disqualifies respondent

from alimony consideration. We need not address that narrow issue, since we find the record to be replete with evidence supporting the trial court's determination.

Respondent's medical expert, who has treated her since 1959, testified that, in his opinion, respondent could not obtain permanent employment because of her ileitis. Evidence was also presented that respondent was forced to resign employment as a result of her medical condition. Respondent had not worked full-time since the birth of the parties' first child in 1953 and had held various part-time jobs, including secretarial, clerical, and teaching until some time in 1973. Appellant's medical expert, however, testified that respondent could obtain employment. The expert's opinion was premised solely on her review of the respondent's x-rays. The expert admitted that she had never seen the respondent physically, much less professionally, and that she knew nothing of respondent's medical or surgical history nor current drug therapy.

It is well within the province of the lower court to consider such conflicting testimony and to award alimony in accordance with its judgment. *Fletcher, supra.* The trial court was equally concerned that, upon divorce, respondent would no longer be entitled to the medical benefits of appellant's health plan. The record shows that because of her past medical history, respondent would undoubtedly be unable to procure adequate medical insurance coverage on her own. Thus, in the event that further medical treatment or surgery became necessary, respondent would incur expenses having to be paid from her alimony award.

As this Court stated in Buchanan v. Buchanan, 90 Nev. 209, 523 P.2d 1 (1974):

> In determining whether alimony should be paid, as well as the amount thereof, courts are vested with a wide range of discretion. This power of determination is neither arbitrary nor uncontrolled. Much depends upon the particular facts of the individual case. Among the matters to be considered are: the financial condition of the parties; the nature and value of their respective property; . . . the duration of the marriage; the husband's income, his earning capacity, his age, health and ability to labor; *and the wife's age, health, station and ability to earn a living.* (Emphasis added.)

Id. at 215, 523 P.2d at 5.

In Freeman v. Freeman, 79 Nev. 33, 35, 378 P.2d 264, 265 (1963), we stated that: "the action of the trial court in awarding alimony in a proper case will not be disturbed on appeal."

The trial court was within our *Buchanan, supra,* pronouncements, and we conclude that this is a "proper case" for the award of alimony and that there was no abuse in the amount of the award.

4. *Award of Attorney's Fees.*

Appellant next objects to the trial court's award of $3,000 to respondent for attorney's fees. An award of attorneys' fees in a divorce proceeding falls within the sound discretion of the trial court. NRS 125.150(2); *Fletcher, supra;* Fox v. Fox, 81 Nev. 186, 401 P.2d 53 (1965). Appellant contends that since respondent was awarded certain items of community property, including some shares of readily salable stock, that she should accept the burden of her fees and that the trial court abused its discretion in awarding such fees. We cannot accept appellant's argument. Necessitous circumstances are no longer a prerequisite to the awarding of fees. Sargeant v. Sargeant, 88 Nev. 223, 495 P.2d 618 (1972).

Here, the trial judge was thoroughly familiar with the file and proceedings, presided over the initial trial as well as supplemental proceedings, and was familiar with pretrial activity and probable time dedication in terms of counsel's preparation for trial. The record further shows that a reasonable record was made substantiating the ultimate award. Nothing has been presented to indicate that the lower court abused its discretion.

5. *Outstanding Debts.*

The trial court ordered appellant to assume "all outstanding debts" incurred by respondent prior to the May decree. Appellant contends that this order is so vague and uncertain as to be void, thereby providing a basis for reversal. We cannot agree. Here, the trial court, in its partial decree of divorce of January 29, 1976, ordered appellant to continue to pay respondent's necessary expenses, which, as the record reflects, he had done for several years previous, and further ordered appellant to pay $300 per month until the date of the supplemental decree of May 17, 1976. It was on this later date that appellant was ordered to pay "all of the outstanding bills incurred by the parties hereto including monies borrowed by the plaintiff (respondent herein) up to May 1, 1976." In Smith v. District Court, 63 Nev. 249, 167 P.2d 648 (1946), this Court stated: "A judgment or decree may be so uncertain and indefinite as to be impossible of administration, unenforceable and void. And a judgment may be partly valid and partly void." Id. at 257, 167

P.2d at 651. That case is distinguished, as the *Smith* court stressed that in water rights cases, greater certainty was required. In Kittle v. Lang, 237 P.2d 673 (Cal.App. 1951), a case whose facts are somewhat allied to ours, a judgment was entered requiring the defendant to pay "all sums of money . . . for and on behalf of plaintiff. . . ." Id. at 678. That judgment was reversed for uncertainty with the court stating: "As to the finding and judgment for the payment of money, a stricter rule seems to prevail, i.e., that a judgment of money must be stated with certainty and should specify the amount." *Id.*

As stated in 49 C.J.S., *Judgments,* § 72:

> A judgment must be definite and certain in itself, or capable of being made so by proper construction. It must fix clearly the rights and liabilities of the respective parties to the cause, and be such as defendant may readily understand and be capable of performing, and such as to admit of enforcement. . . . Where the record entry is wholly uncertain, repugnant, or contradictory, the judgment is at least erroneous, and it may be void. *An obscure judgment entry may, however, be construed with reference to the pleadings and record, and, where on the whole record its sense can be clearly ascertained, the judgment will be upheld.* (Emphasis added; footnotes omitted.)

As already mentioned, appellant for the several years preceding commencement of the divorce action had assumed responsibility for all the bill paying for the parties. Throughout the transcript there are numerous references to ordinary and fixed expenses of the parties. Appellant was thoroughly familiar with the bills and all creditor information, including the names of creditors, the nature of the obligations, the balances, when the debts were payable, and the like. Moreover, respondent testified, without contradiction, that she had not purchased any extraordinary or "luxury" items since the January hearing. Although the decree may be uncertain on its face, a review of the record demonstrates sufficient clarity and definiteness to enable appellant to comply with the decree's requirements.

Here, appellant took no steps in the court below to either set aside or amend the judgment, NRCP 59(e), or to clarify the decree, NRCP 60(a).[2] Had he, such action may have averted appellate review.

Finally, respondent has moved for attorney's fees on appeal. The awards given respondent in community property and alimony show that she is sufficiently capable of financing her own

---

[2]Appellant's present counsel was not counsel of record in the court below.

appeal. We have allowed fees on appeal when a clear showing of entitlement has been presented and circumstances so warrant. Reid v. Reid, 89 Nev. 460, 514 P.2d 1294 (1973); Leeming v. Leeming, 87 Nev. 530, 490 P.2d 342 (1971). Here, such a showing is absent, and we accordingly deny the request for fees.

Appellant's remaining claims of error, being without merit, are rejected.

Affirmed in part; reversed in part and remanded for redistribution of the two community property automobiles.

BATJER, C. J., and MOWBRAY and GUNDERSON, JJ., and BABCOCK, D. J.,[3] concur.