JOHN T. GOJACK, Petitioner, *v.* THE SECOND JUDI-CIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, Respondent, MARY LEE GOJACK, Real Party in Interest.

No. 11682

June 14, 1979

596 P.2d 237

*White & Spaulding, Ltd.,* Reno, for Petitioner.

*Guild, Hagen & Clark, Ltd.,* Reno, for Real Party in Interest.

## OPINION

By the Court, MANOUKIAN, J.:

John T. and Mary Lee Gojack were married in May, 1969. In August, 1978, Mary filed her complaint for divorce alleging incompatibility as the ground, NRS 125.010(3), and requesting that the community property of the parties be determined by the court. John answered the complaint denying incompatibility and asked that the complaint be dismissed. Absent dismissal, he seeks an equitable distribution of the property.

Trial was originally set for three days, to commence on July 30, 1979. On February 13, 1979, Mary moved the court for summary judgment on the divorce. John opposed the motion, and summary judgment was denied. Thereafter, on March 16, 1979, the district court, *sua sponte,* ordered a bifurcated trial with the hearing on the divorce set for March 21, 1979, and trial on the determination of the property rights scheduled for the original trial date, July 30, 1979.

On March 20, 1979, John filed the instant petition in prohibition challenging the jurisdiction of the trial court to determine the issues of divorce and property at different times. All proceedings in the lower court have been stayed pending our review.

1. The writ of prohibition, NRS 34.320, is proper in all cases to arrest the proceedings of an inferior tribunal when such proceedings are without or in excess of its jurisdiction and there is no plain, speedy and adequate remedy in the ordinary course of law. NRS 34.330; Nev. Const. art. 6, sec. 4. Since an order bifurcating trial is not appealable, NRAP 3A(b), and there exists no plain, speedy and adequate legal remedy, in the ordinary course of law, we turn to consider whether the lower court acted in excess of its jurisdiction.

2. Petitioner contends that irrespective of the authority of

the district court to control the course and conduct of the proceedings before it, NRCP 42(b),[1] NRS 50.115(1),[2] in the context of an action for divorce there can be but one final judgment or decree which disposes of all the issues properly before the court. NRS 125.150(1). Respondent answers, contending that NRCP 42(b), which provides for separate trials, gives the trial court discretion to proceed as it did here. Although a trial court is authorized to conduct separate evidentiary hearings on any issue, that court is without jurisdiction to enter a final decree of divorce without contemporaneously disposing of the community property of the parties.[3]

NRS 125.150(1) provides that "[i]n granting a divorce, the court may award alimony . . . and *shall* make [a] disposition of the community property of the parties. . . ." (Emphasis added.) The statute is clear that when a trial court proceeds to enter a judgment or decree of divorce, it shall contemporaneously dispose of the community property of the parties. Plain and unambiguous in its terms, the statute needs no interpretation. State ex rel. P.S.C. v. District Court, Etc., 94 Nev. 42, 574 P.2d 272 (1978). Petitioner's argument is further supported by NRS 125.130(1), which provides the judgment of divorce shall be a final decree, and NRS 125.130(2), which states that the decree shall fully and completely dissolve the marriage contract as to both parties.

We here perceive no reason for a departure from the statutory mandates. Indeed, such a departure would lead to numerous problems inevitably flowing from an interim divorce decree, including the effect of such a decree upon the character

---

[1]NRCP 42(b) provides:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury.

[2]NRS 50.115 provides, in relevant part:

1. The judge shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence:

(a) To make the interrogation and presentation effective for the ascertainment of the truth;

(b) To avoid needless consumption of time; and

(c) To protect witnesses from undue harassment or embarrassment.

[3]In so holding, we emphasize that here the order bifurcating trial of the issues was not entered pursuant to a stipulation between the parties, a proper and timely objection to the order was made and there exists a genuine controversy as to the issues. Cf. Ellett v. Ellett, 94 Nev. 34, 573 P.2d 1179 (1978), where the parties stipulated to separate trials on the issues but no final judgment was entered until the close of all the proceedings.

of the property of the parties and whether following entry of the decree, the property is thereafter held by the parties as tenants in common. See Ellett v. Ellett, *supra;* Bank v. Wolff, 66 Nev. 51, 202 P.2d 878 (1949). Questions relating to the allocation of rents, profits and taxes, as well as the effect of the subsequent death or remarriage of one or both of the parties prior to the distribution hearing, Bank v. Wolff, *supra,* not to mention the adverse effect of such a decree on property settlement or reconciliation possibilities, are concerns our legislature may have had in providing that the issues of divorce and property are to be contemporaneously determined.

On the basis of what we find to be a rather clear statutory mandate, we conclude that in the context of this divorce proceeding, respondent is without legal authority to enter divisible judgments. To the extent that the March 16, 1979 order bifurcating trial can be read to permit the trial court to enter a final divorce decree without contemporaneously determining property and related rights and responsibilities of the parties, such order is beyond the court's power to enter. NRS 125.150(1). However, this opinion does not preclude the lower court from hearing, at separate times, evidence relevant to the issue of divorce and evidence relevant to the issue of the property distribution.

Let the writ issue.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and BATJER, JJ., concur.