LESLIE H. SMITH, Appellant, *v.* SHARON KAY SMITH, Respondent.

No. 15078

December 6, 1984                    691 P.2d 428

*Christopher G. Gellner,* Las Vegas, for Appellant.

*Phillips & Kelley,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from post-judgment orders by the district court denying a request by appellant for return of monies paid, holding him in contempt and requiring him to sign a promissory note and deed of trust and to pay attorney's fees. For the reasons set forth hereinafter, the orders are affirmed.

Appellant Leslie H. Smith (Les) and respondent Sharon Kay Smith (Sharon) were married in 1974. Sharon filed for divorce in 1977 and trial eventually commenced in 1980. On the second day of trial, the parties advised the district court that negotiations regarding a property settlement were nearly completed and requested a six-day recess. Les' counsel then stated: "The court indicated the other day that you would grant a divorce today; and we wondered if we could follow through on that." The district court expressed its reluctance to grant the divorce until after the parties presented the results of their negotiations. The court then told the parties that regardless of those results, it would grant the divorce and bifurcate the property settlement issues. Neither party objected.

At the status check six days later, Sharon's counsel stated that an agreement had not been reached and requested that the decree of divorce not be granted at that time. Les' counsel objected and the matter was continued. The next week the matter was still unresolved. The court then granted Sharon an absolute decree of divorce and ordered that the parties' community property rights be determined with the aid of a master, who was to make a recommendation to the court within one month.

One month later, Les' counsel advised the court that the matter may be settled and that he was drafting a property settlement agreement. The parties then executed a Marital Termination Agreement (MTA) on August 4, 1980. The MTA in part provides for Les to pay Sharon $70,000.00. From August 1 to December 1, 1980, Les was to pay Sharon $750.00 each month. On January 1, 1981, Les was to execute a note to Sharon for the balance of the $70,000.00 owed at an interest rate equal to the average of the prime rates charged by the three largest U.S. banks on the day the note was signed.

On October 29, 1980, counsel advised the court that the MTA had been prepared, but that the interest rate on the note remained "a bone of contention." Further testimony and evidence subsequently were presented to the court regarding the interest rate to be used in the MTA. The court found the rate to be the average prime rate charged by the three largest U.S. banks as of December 1, 1980.

Sharon thereafter made a motion for an order to show cause why Les should not be held in contempt for his failure to execute the note and make payments pursuant to the MTA; she also prayed for attorney's fees. On December 3, 1981, the district court ordered Les, pursuant to the MTA, to deliver to Sharon a promissory note for the outstanding principal plus interest. On December 16, 1981, the court ordered Les to sign a note and a deed of trust securing the note within thirty days.

Les appealed the December 16 order to this Court. While the appeal was pending, however, Les signed the note and deed of trust on June 16, 1982 and paid $10,000.00 to Sharon. Due to the action by Les and Sharon's apparent belief that the December 16 order was only an enforcement order which did not affect the underlying obligation set forth in the December 3 order, she elected not to respond to the appeal. Sharon waived the filing of an answering brief and did not respond to this Court's order to show cause. This Court elected to treat Sharon's conduct as a confession of error and instructed the district court to vacate its order of December 16, *see* Smith v. Smith, 98 Nev. 395, 649 P.2d 1374 (1982), which it did. The district court then requested briefing by the parties regarding the effect of the vacated order on the validity of the note and deed of trust and on the present status of the case.

In its order dated June 10, 1983, the district court in relevant part concluded that: (1) the note and deed of trust are void as a result of the vacated order; (2) the district court has jurisdiction over the parties' property matters, specifically those relating to the MTA; (3) the district court's order of December 3, 1981 constitutes "a final judgment on issues relating to the terms and

conditions of the Promissory Note and Deed of Trust to be signed by [Les] pursuant to the terms and conditions of the [MTA]''; (4) the district court's order of December 16, 1981 was an enforcement order and is null and void; (5) voiding the December 16 order ''does not in any way alter [Les'] responsibility to execute a Promissory Note secured by a Deed of Trust and its corroborating documents as invisioned [sic] by the [MTA]''; and (6) Les' request for return of monies paid to Sharon is denied.

On that same day, the district court conducted a hearing based on its order to show cause why Les should not be held in contempt for violating prior orders and failing to comply with the MTA. The court, in its order dated June 16, 1983, found Les to be in contempt and ordered him confined in the county jail until he signed the new note, deed of trust and corroborating documents envisioned by the MTA and ordered Les to pay attorneys' fees in the sum of $2,500.00. Les now appeals the district court's orders of June 10, 1983 and June 16, 1983.

Les first contends that the district court lacked jurisdiction to enter orders enforcing the parties' MTA through the divorce proceedings after it had already entered an absolute decree of divorce. Les relies primarily upon Gojack v. District Court, 95 Nev. 443, 596 P.2d 237 (1979). Although we did hold in *Gojack* that a trial court is ''without jurisdiction to enter a final decree of divorce without contemporaneously disposing of the community property of the parties,'' *id.* at 445, 596 P.2d at 239, we also recognized an exception where the parties have stipulated to a bifurcated trial. ''*Cf.* Ellett v. Ellett, 94 Nev. 34, 573 P.2d 1179 (1978), where the parties stipulated to separate trials on the issues but no final judgment was entered until the close of all the proceedings.''[1] *Id. n. 3.* Contrary to the court in *Ellett,* the district court in the instant case unfortunately granted the parties an absolute decree of divorce before conducting the separate proceedings dealing with the parties' community property interests. Two other facts, nevertheless, compel us to conclude that the instant case more closely resembles *Ellett* than *Gojack.* First, Les requested on the second day of trial that the court follow through with granting a divorce before the property matters had been settled. Les, moreover, failed to make a proper and timely objection to the bifurcation. Second, the district court in the divorce decree referred the parties' property matters to a master for his recommendation, which necessarily implies a reservation of jurisdiction by the court over the parties' property settlement.

[1]Despite our acceptance of the separate trials in this particular case, we wish to emphasize that bifurcated divorce proceedings and the problems they are likely to engender are disfavored and should generally be avoided.

614

Having reserved the issue relating to property settlement, the district court had jurisdiction to enter orders necessary to enforce the parties' MTA. *Ellett,* 94 Nev. at 37–38, 573 P.2d at 1181.

Les secondly contends that the district court had no authority to award Sharon attorney's fees. NRS 125.150(3), however, permits the court to "award a reasonable attorney's fee to either party to an action for divorce if those fees are in issue under the pleadings." Sharon properly prayed for attorney's fees in her motion for an order to show cause why Les should not be held in contempt. We interpret "an action for divorce" to include the bifurcated proceedings in the instant case relating to the parties' property settlement. The award to Sharon of attorney's fees, therefore, was within the sound discretion and authority of the trial court. We have reviewed Les' other contentions and conclude that they are without merit.

Accordingly, the orders of the district court are affirmed.