881 P.2d 645 (1994)
Brian GARDNER, Appellant/Cross-Respondent,
v.
Ruth Ann GARDNER, Respondent/Cross-Appellant.
No. 23626.
Supreme Court of Nevada.
September 28, 1994.
Mark A. Jenkin, Las Vegas, for appellant/cross-respondent.
*646 Orin G. Grossman, Las Vegas, for respondent/cross-appellant.

OPINION
STEFFEN, Justice:
The single issue raised by the appeal and cross-appeal concerns the spousal support awarded by the district court. Appellant/cross-respondent, Brian Gardner, contends that the lower court abused its discretion in awarding alimony. Respondent/cross-appellant, Ruth Ann Gardner, insists that the spousal award was inadequate both in amount and duration. On this record, we are constrained to agree that Ruth is entitled to additional relief, and accordingly reverse and remand.

FACTS
Brian and Ruth terminated their childless, twenty-seven-year-old marriage on August 14, 1992. At the time of their divorce, Brian was a forty-eight-year-old commercial airline pilot and Ruth was a forty-seven-year-old reading specialist with the Clark County School District. The couple married while attending college in Colorado. Ruth was supported by her father until she received her B.A. degree. Thereafter, the couple moved to California where Ruth commenced teaching and Brian continued with his schooling. Brian was not gainfully employed while pursuing his education. During this period, Brian obtained both a private pilot's license and a flight instructor's license at the expense of the community.
After Brian secured his degree, he and his wife moved to Pensacola, Florida, where Brian received a commission in the military and commenced Naval pilot training. Ruth was employed as a teacher throughout Brian's six and one-half years in the Navy, with the exception of a six-month period when Brian was stationed in Europe. After Brian's discharge from the Navy, the couple moved to Atlanta, Georgia, where Ruth again taught school while obtaining her Master's degree. Brian studied architecture at Georgia Tech and flew with the Naval Reserve. Two years later, the couple returned to California where Ruth again taught school and Brian obtained two degrees on the G.I. Bill. He also continued flying with the Naval Reserve and accepted employment as a charter pilot.
Eventually the couple moved to Las Vegas where Ruth commenced teaching year round and Brian began working as a commercial airline pilot. Although Ruth had filed for divorce on two prior occasions, and had thereafter dismissed the actions, the action which culminated in divorce was filed by Brian in 1991.
The district court divided the community property equitably and apparently without objection from either of the parties. At the time the decree of divorce was entered on August 14, 1992, Brian was earning an annual salary of approximately $75,000.00; Ruth's annual income was approximately $43,000.00.
The district court awarded Ruth temporary alimony in the amount of $1,300.00 per month for the first year, and $1,000.00 per month the second year in order to achieve "parity" in the two incomes by permitting Ruth to obtain additional professional, university credits. The court retained jurisdiction to review the award after the two-year period, but held that absent a substantial change in circumstances, the alimony would cease at that time. As noted previously, neither party accepted the court's decision with respect to the spousal support, thus prompting this appeal and cross-appeal.

DISCUSSION
In reviewing an award of spousal support, this court extends deference to the discretionary determination of the district court and withholds its appellate power to modify or reverse except in instances where an abuse of the trial court's discretion is evident from a review of the entire record. Shane v. Shane, 84 Nev. 20, 22, 435 P.2d 753, 755 (1968); see also Williams v. Waldman, 108 Nev. 466, 471, 836 P.2d 614, 617 (1992) (this court generally affirms district courts' rulings in divorce proceedings where supported by substantial evidence and free from appearance of abuse of discretion).
Brian's challenge to the alimony award is essentially based upon the following premises: (1) the lower court abused its discretion *647 in taking the wooden approach of combining the salaries of the parties, dividing by two, and then equalizing the two incomes for an additional two years thus perpetuating the financial status of the parties as it existed during marriage; (2) Ruth clearly expressed no interest in additional educational pursuits, and was tenured and comfortable, and content with her existing career situation; and (3) Ruth was not in need of supplemental financial support from Brian.
Although Ruth does not seriously dispute the amount of the spousal support she was awarded by the district court, she contends that it would be more equitable to award her alimony of $1,625 per month for a period of twelve years. Ruth maintains that the award she seeks would yield an equitable recognition of the future earning capacities and retirement benefits of the parties. In addition, Ruth suggests that increasing the amount and duration of her alimony is justified for the following reasons: (1) there is no evidence in the record that she could earn an additional $1,000.00 or $1,300.00 per month within two years; (2) if she were to pursue a doctorate, required summer study would adversely impact her present contract pay, and in any event, receiving her doctorate degree would yield an increase in her annual income of only $1,000.00 to $2,000.00; (3) the trial court failed to take into consideration the disparity in the earning capacities of the two parties; (4) Brian achieved his current success and financial status because she supported him at the expense of her own career; that each time the couple moved in order to pursue Brian's career ambitions, she was forced to leave her employment and lose seniority and retirement benefits, the latter benefits then being used for the community; and (5) that as a result of her many sacrifices, Brian will be assured of much greater income and retirement benefits than Ruth.
Without burdening this opinion with unnecessary citations to legal precedent already established and readily accessible, we prefer to focus on this court's opinion in Heim v. Heim, 104 Nev. 605, 763 P.2d 678 (1988). As it relates to the instant case, Heim articulates the principles that have convinced us that the alimony award provided by the district court was inadequate and thus unfair. In Heim we stated that in deciding matters concerning alimony, the judge must "form a judgment as to what is equitable and just, having regard to the respective merits of the parties and to the condition in which they will be left by the divorce." Id. at 609, 763 P.2d at 680. Moreover, we noted that the "`Buchanan guidelines'[1] are simply an inexhaustive list of such common sense considerations as the financial condition of the parties (property, income, relative earning capacity), duration of the marriage, age and health of the parties" and the contribution each has made to the property owned by the community. Id. at 608-09, 763 P.2d at 680. Finally, in Heim, we emphasized that an award of alimony must be fair. Id. at 610, 763 P.2d at 681.
Our case law thus reflects the clear legislative mandate that authorizes the district courts to award alimony to the wife or husband in an amount that "appears just and equitable." NRS 125.150(1)(a).
Under Nevada's current statutory scheme regarding alimony, the legislature has provided for at least two types of alimony. The first, discussed above, is a form of alimony a court may award in order to satisfy the demands of justice and equity. A second type of alimony (rehabilitative alimony) is that provided by the legislature under NRS 125.150(8) which is designed to provide necessary training or education "relating to a job, career or profession." The fact that the legislature intended to provide for two categories of alimony is apparent from the terms of NRS 125.150(9) which elucidates certain conditions, provisions and options relating to the second form of alimony specified under NRS 125.150(8). NRS 125.150(9)(c) thus provides: "The spouse who is the recipient of the alimony may be granted, in addition to any other alimony granted by the court...." (Emphasis added.)
The court below provided a form of rehabilitative alimony expressly designed to allow Ruth to obtain additional university experience that would enable her to more closely *648 approximate Brian's earning capacity. However, our review of the record reveals no reason to expect that Ruth could approach Brian's earning capacity even if she were to obtain a doctorate degree within the time allotted for her alimony. Indeed, the record reflects that pursuing her doctorate would be detrimental to her current contract income and would not provide a significant salary increase after the higher degree was achieved.
Having concluded that Ruth's rehabilitative alimony award would accomplish little toward the district court's attempt to facilitate income parity, we are persuaded that Ruth's award should be evaluated under the criteria of that which is fair and just under the circumstances.
Ruth and Brian were married for twenty-seven years. Ruth continually sacrificed in order to promote Brian's career desires and opportunities. Although she was able to further her own education in the process, the benefits she derived therefrom within the context of marriage were substantially diluted when the marriage bond was severed. The magnitude of Ruth's contribution to the community over many years is not fairly recognized by the two-year alimony award she received when the marriage was terminated.
We conclude that the district court abused its discretion in the award of spousal support accorded to Ruth. Given the length of the marriage, the comparative earning capacities of the parties, the contribution Ruth made in assisting Brian to achieve his present level of success, Ruth's financial contributions to the community and to Brian's education, and the financial detriment suffered by Ruth in accommodating Brian's desires to relocate for the benefit of his career, substantial additional alimony is necessary in order to be fair to Ruth.
We are persuaded that it would be both just and equitable to increase the length of Ruth's alimony award by an additional ten years, at the rate of $1,000.00 per month.[2] This will still fail to achieve income parity between the two, but under the totality of the circumstances, including the division of property between the parties, we are satisfied that fairness will result from such an award.

CONCLUSION
For the reasons discussed above, we modify the alimony award entered by the district court by increasing the period over which the alimony is to be paid to an additional ten years at the rate of $1,000.00 per month. Accordingly, we remand this matter to the district court to enter an amended judgment reflecting the modified alimony award and to retain jurisdiction to review this modified award in the event of a substantial change of circumstances that would suggest the need for additional relief to either party.
ROSE, C.J., and SPRINGER and SHEARING, JJ., concur.
YOUNG, Justice, dissenting:
Respectfully, I dissent from the majority's opinion. I cannot conclude that the district court in this case so abused its discretion that this court must step in and not only modify the alimony award, but also change the basis for the award.
The majority concludes that the rehabilitative alimony awarded to Ruth was incorrect in light of her stated lack of desire to pursue additional education. The majority then goes on to increase the length of the alimony award by an additional ten years at a different amount, concluding that this plan is more just and equitable as opposed to rehabilitative. I disagree with this conclusion for several reasons.
*649 First, the cases upon which the majority bases its decision are factually different from the case at bar. Heim v. Heim, 104 Nev. 605, 763 P.2d 678 (1988), and Rutar v. Rutar, 108 Nev. 203, 827 P.2d 829 (1992), both involved spouses left with little if any ability to support themselves. In those cases, it was undoubtedly just and equitable to increase what were grossly inadequate alimony awards. However, in this case, Ruth is a highly educated professional quite able to support herself. The district judge awarded alimony to her in order to provide her with the option of continuing her education. I can find no abuse of discretion in such an award.
In addition to what I perceive as no abuse of discretion, I note that jurisdiction was retained by the district court. The district court would have had the option in two years of modifying the alimony award in the event of a change in circumstances. Should the parties' respective incomes remain inequitably different, the district court would have had the option to adjust the award to remedy the situation. I can see no reason for this court to intrude upon the district court's jurisdiction over this case by eliminating the district court's ability to modify its own award. We should defer to the district court's greater knowledge of the parties and their circumstances.
Finally, I dissent from the majority's opinion in light of what I see as perilous precedent. I fear that this decision will open the door to numerous appeals based upon objections to alimony awards. We are not a secondary trial court formed to retry the facts of a case and supersede the decision of the district court. Only in the most egregious of circumstances should we act in such a manner. As such, I am of the opinion that absent a clear abuse of discretion, we must defer to the findings of the district court in its awards of alimony. I cannot conclude that there was an abuse of discretion in the instant case. Accordingly, I dissent from the majority's decision.
NOTES
[1] See Buchanan v. Buchanan, 90 Nev. 209, 215, 523 P.2d 1, 5 (1974).
[2] In Rutar v. Rutar, 108 Nev. 203, 827 P.2d 829 (1992), the marriage lasted for approximately nineteen years, and both spouses had completed dental technician school. The husband's training provided him a greater income potential. After working full-time together for a number of years in their own dental laboratory, the wife discontinued her employment and became a full-time homemaker caring for the couple's two children. While at home, the wife performed some routine, part-time bookkeeping work for the laboratory. The district court awarded rehabilitative alimony to the wife for three and one-half years. This court increased the award by $700.00 per month and the duration of the award to eight years.